JOHN J. McCOOK, JOSEPH C. WILSON AND ALDACE F. WALKER, *as Receivers of the Atchison, Topeka & Santa Fe. Railroad Company, a Corporation,* v. CHARLES W. B. BRYAN. ·

1. RAILROAD TRACK—*Fence.* There is no obligation in common law upon a railroad company to fence its track. It has the right to enjoy its right of way free from intrusion or trespass, like other occupants and owners of real estate, except as provided by statute.·

2. DAMAGES—*Pleadings—Rule.* When the statute provides, that when the owner of any tract of land abutting upon a railroad shall construct a good and sufficient fence about such tract of land on all sides except along the side abutting against such railroad; and when such owner of such tract of land shall have completed his portion of fence about such proposed enclosure, he shall give notice of its completion to the railroad company upon whose line said tract is situated, and that if such railroad company shall neglect or refuse to comply with the requirements of the act, that such railroad company shall be liable for all damages accruing by reason of such neglect or refusal. It is *held,* that such railroad company is not liable for damages for the killing of stock by its locomotives and upon its track unless it is shown in the pleading and is also proven in the evidence that the claimant for damages is an abutting owner and that he has constructed his fence and given the notice required in the act, and that the railroad company has neglected to comply with the requirements of the statute. .

3. SAME—*Action—Statute.* In this Territory an action for damages against a railroad company for injuries sustained by cattle upon the right of way of such railroad company is founded upon statute, and upon specific conditions, and the conditions must be shown in the pleading and appear in the evidence in order to entitle plaintiff to recover. ·

*Error from the Probate Court of Noble County.*

*Henry E. Asp, John W. Shartel and J. R. Cottingham,* for plaintiffs in error. ·

The opinion of the court was delivered by

McATEE, J.: In this case the plaintiff below, defendant in error here, filed his petition in the probate court of Noble county on the 12th day of September, 1894, in which he alleged that the defendant was at various times therein specified operating a railroad, and with its en-

gines and cars which it was operating, ran against and killed several head of live stock belonging to the plaintiff in error, of the value of three hundred and sixty-three dollars; that the place where the stock were on defendants' road was not fenced, nor was it at a crossing over the same; that he made demand for payment therefor upon the defendants, which was refused, and for which lie now seeks to recover in this action.

· The defendant answered by a general denial, and at the commencement of the trial objected "to the introduction of any testimony for the reason that the petition did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant," which objection was overruled, and excepted to by the defendant.

The plaintiff thereupon introduced his testimony upon the following points only, namely, that the plaintiff was the owner of the animals set out in the petition; that at the time stated in the petition, the animals were killed by the locomotive of the defendant; that the road was not fenced; and that the animals were of the value claimed in the petition.

The defendants demurred to the evidence upon the ground that the facts proved did not establish any cause of action; which demurrer was overruled, and excepted to, and verdict returned and judgment entered in favor of the plaintiff for the amount claimed. A motion for a new trial was also overruled.

The assignments of error are, that, (1), the court erred in overruling the objection of the plaintiffs in error to the introduction of testimony under the petition; and (2), in overruling the defendant's demurrer to the evidence; and (3), in overruling the motion for a new trial

At the common law the plaintiffs in error were enti-

tled to exclusive possession of the road and right of way. They are entitled, like all owners and occupants of real estate, to the exclusive possession and enjoyment of their premises. They are entitled to be free from intrusion or trespass. They are under no obligation to fence or keep safe the property of adjoining proprietors, but on the contrary, it is their legal right to enjoy their premises exclusively. They would, at common law, be entitled to claim damages if cattle should wander upon their unfenced track and they should suffer damage thereby.

The owner was under no obligation to fence, and he was entitled to exemption from disturbance and to require that the owner of adjoining land should restrain his cattle. (*Railroad Co. v. Harter*, 38 Ind. 558; *Alton, etc. R. R. Co. v. Baugh*, 14 Ill. 212; *Williams v. The New Albany & Salem R. R. Co.* 5 Ind. 111; *Heard v. Rutland Railroad Co.* 25 Vt. 122; Woods Railway Law, p. 1543.)

If, therefore, the plaintiffs are entitled to relief it must be by virtue of the statute    The provision on the subject is found in the Statutes of Oklahoma, 1893, in (§ 1047,) § 46, providing that:

"Whenever the owner of any tract of land abutting against any railroad within this Territory shall desire to enclose any such tract of land for pasturage or other purposes, and shall construct a good and sufficient fence about said tract of land on all sides except along the side abutting against such railroad, it shall be the duty of such railroad to construct a good and sufficient fence   *   *   *   *   on the side of such tract or lot so far as the same extends along the line of such railroad, and to maintain the same in good repair and condition until released therefrom by the owner of said tract, or until the owner of said tract shall have ceased to maintain in

good repair and condition for the term of one year his portion of the fence around such enclosure.

"(1048). SEC. 47. Whenever the owner of any tract of land shall have completed his portion of the fence about such proposed enclosure, he shall give written notice of its completion to the railroad company upon whose line said tract it is situated; * * * * and it shall be the duty of the railroad company to construct and complete its portion of such fence within sixty days after the service of such notice.

"(1049). SEC. 48. If any railroad company shall neglect or refuse to comply with any of the requirements of this act, it shall be lawful for the owner of such tract to construct or repair the fence along the line of such railroad, and the railroad company shall be liable to the owner thereof, to an amount not exceeding one dollar and twenty-five cents per rod, to be recovered in a civil action; and such railroad company shall be liable for all damages accruing by reason of neglect or refusal."

The modification of the common law here made is for the benefit of the "owner of any tract of land abutting against any line of railroad" only. And it is provided in his behalf only upon condition that he shall first construct a good and sufficient fence about said tract of land on "all sides except along the side abutting against such railroad" and "shall give written notice of its completion to the railroad company." It thereupon becomes the duty of the railroad company to construct and complete a line of fence along the said tract of land abutting on said railroad. If the railroad company neglects or refuses to comply with the requirements of the act, it becomes liable for all damages accruing by reason of such neglect or refusal.

There is no other liability upon the railroad company except such as is provided in the statute, and as is ap-

parent, this liability exists only upon the conditions stated.

These conditions are conditions precedent to a recovery. They must appear in the pleading and be proven in the evidence. They are not set up in the declaration in this case. The plaintiff has not alleged that he had made an inclosure, nor has he given a written notice as required by the statute, nor is it alleged that the railroad company had neglected or refused to comply with the requirements of the act; nor do these facts appear in the evidence. They are pre-requisite to the right of recovery, and as conditions precedent they must be plead and proven affirmatively by the plaintiff as conditions precedent to his right of recovery, which has not been done in this case. (*Chicago, etc., R. R. Co. v, Carter*, 20 Ill. 391; *Ohio, etc., R. R. Co. v. Brown*, 23 Ill. 94; *Comstock v. Des Moines Valley R. R. Co.*, 32 Ia. 376; *Bates v. St. Louis R. R. Co.*, 74 Mo. 60; *Williams v. Mo. Pac. R. R. Co.*, 74 Mo, 453; Woods Railway Law, p. 1543; 2nd Smith's Leading Cases, p. 184; *Williams v. Mich. Cent. R. R. Co.*, 2 Mich. 261; and cases cited above.)

Judgment reversed and cause dismissed.

All the Justices concurring.