Opinion of the court by
The record shows that this action was brought in the probate court of Canadian county against the plaintiff in error to recover the sum of $210, the alleged value of two cows and one horse killed by defendant's train. The right of action is based upon sections 1047, 1048 and 1049 of the laws of 1893, which provide that under certain conditions therein named a railroad company shall be required to build and maintain a fence along its right of way. The conditions under which a railroad company may be required to build a fence are, first, that the railroad shall pass through or upon the lands of another. Second, that the owner of the land shall construct a good and sufficient fence about the tract of land on all sides, excepting the side abutting against the railroad. Third, when the owner of any tract of land shall have completed his portion of the fence, he shall give written notice to the railroad company upon whose line the tract is situated.
The petition alleges all the essentials except that of the notice. The record discloses the fact that the defendant in error *Page 369 
had his land enclosed with a fence prior to the time that the railroad was constructed, and upon constructing the railroad through the land the company proceeded to and did construct a fence on each side of the railroad, leaving a causeway as provided by law, arranged with gates, to allow passage through the fence and across the railroad from one part of the land to another. It is alleged, and the testimony seems to support the allegation that the gate upon one of these lines of fence was so negligently constructed that the same became insufficient for the purposes for which it was intended. That the company failed to repair the same after having notice of its condition, and that the stock of the defendant in error passed through the defective gate and onto the track of the railroad company, and were killed by a passing engine and train.
Numerous errors are assigned in the petition in error, many of which are not contended for in the brief. The first error complained of is that the probate court had no jurisdiction to try this cause, and that the jurisdiction of the district court, being only appellate, acquired only the jurisdiction of the probate court. The last part of this proposition, viz: that the district court could acquire no jurisdiction other than that possessed by the probate court, is undoubtedly true, but we think the probate court had jurisdiction to try the cause. The only reason urged against the jurisdiction of the probate court by the plaintiff in error is that under the organic act probate courts do not have jurisdiction in any matter where the title or boundaries of land may be in dispute, and that inasmuch as only the owners of the land may require the railroad company to build a fence along its right of way, that, therefore, it is necessary to allege and prove that the plaintiff is the owner of *Page 370 
the land, and that by reason of such allegations and the denial thereof, the title to the land is put in issue. While it is true that only abutting owners can require the railroad company to build a fence, yet the title to the land is not put in issue in the case. Many cases may arise in which it may be necessary to show that certain persons are the owners of certain tracts of land, but it does not necessarily follow that the title to such land is in dispute. The ownership of the land goes to the qualification of the party to maintain the action, and the title to the land is material only for that purpose. In other words, the question of title is only an incident to the right of recovery.
The second claim of error is that the petition fails to state a cause of action against the defendant, in that it fails to allege that the railroad company had been served with the statutory notice, so as to bring to the knowledge of the company the fact that the owner had complied with the statute in enclosing his land with a sufficient fence. It is claimed that this notice is a condition precedent, and, if not given, that the company is not required to build the fence, and that, if the fence is constructed, that then the company is not liable for any injury if the fence or gateway is negligently allowed to get out of repair, and injury is caused thereby.
Reference is made to the case of McCook v. Bryan,4 Okla. 488. That case, however, is hardly applicable here, as in that case there was no constructing of a fence by either the owner of the land or the railroad company, and of course the question of building the fence, as well as the notice, are prerequisites to the right of recovery. This first assignment of error raises the question as to whether this statutory notice can be *Page 371 
waived, and whether it was so waived in this case. The sections of the statute requiring a railroad company to build fences contemplates cases where the railroad runs through or upon vacant land, and the abutting owner of the land desires to enclose such tract for pasturage or other purposes, and provide that then and in such cases if the owner shall construct a good and sufficient fence about the said tract of land on all sides except the side abutting on the railroad, it shall be the duty of the railroad company to construct a good and sufficient fence, so far as the said tract extends along the line of said railroad, and to maintain such fence in good condition and repair until released therefrom by the owner of the land, or until the owner shall have ceased to maintain in good condition and repair, for the term of one year, his portion of the fence.
The second section provides that when the owner shall have built his fence about such proposed enclosure, he shall give written notice to the railroad company, and after this notice has been given, if the railroad company shall neglect or refuse to comply with the requirements of the act, the owner may build the fence and recover the value, and the railroad company shall be liable for damages accruing by reason of its neglect. The purpose of this notice is to draw the attention of the company to the fact that the owner of abutting land has complied with this statute, and when the notice is given the liability becomes fixed. But this is in cases when the owner has enclosed vacant land. In the case at bar the record shows that when the railroad company built its line of road through this land the same was fenced, and the railroad company, whether with or without notice, proceeded to construct just such a fence as the law requires to be constructed upon notice. *Page 372 
The railroad company, when constructing its road through the lands of defendant in error, must have known that the same was fenced, and, having constructed the fence required by law without notice, it should be deemed to have waived the same, as notice under such circumstances could serve no good purpose. We cannot concede the proposition that this statutory notice cannot be waived. The notice is only necessary where land that has been open is fenced by the owner, in order that the railroad company's attention may be called to that fact. If the attention of the company is called to the fact that the land is fenced, and it proceeds to construct the fence required by law, we can see no reason why it should not be required to maintain the same. Nothing could be accomplished by serving the notice after the railroad company had constructed its fence, and no injury could come to the company by reason of the failure of the owner to serve the written notice required by the statute, when the company had other notice, and, recognizing the fact that the owner had completed his fence, proceeded to comply with the requirements of the law without the formality of a written notice. As stated by the plaintiff in error, the object of this notice is to bring to knowledge of the railroad company the fact that the abutting owner has complied with the statutes. If the company has received notice otherwise, and proceeds to comply with the statute, the statutory notice will be deemed to have been waived.
The Arkansas statute cited by the plaintiff in error is not like ours. There it is provided that the ten days' notice in writing shall be given, whether the lands were enclosed at the time of the construction of the railroad or were enclosed thereafter. Our statute contemplates cases where the land is not enclosed *Page 373 
at the time of the construction of the railroad, and we cannot concede the proposition that a railroad company may, by complying with the requirements of the statutes without notice thereby be relieved from the statutory penalty for failure to maintain the fence after it is constructed.
The question of the value of the animals killed becomes material in this case. The value alleged in the petition was $210. This was denied by the answer. The plaintiff was the only witness who testified upon the question of value at the trial, and his testimony upon this question was as follows:
"Question. What is your business? Answer. A farmer. "Ques. Can you tell about the value of these cows? A. I guess so. I have been twenty years on the farm.
"Ques. Now just tell the court and jury what they actually was worth."
The defendant objected to the last question as being incompetent, irrelevant and immaterial, and the competency of the witness not being shown. The objection was overruled, and an exception saved. The plaintiff then testified that the animals were of the value of $150. The plaintiff in error insists that it was material error to allow the witness to testify under the circumstances to the value of the animals killed, and that the question is squarely raised whether the statement that he was a farmer qualified him to testify to the market value of the cattle and horses, without any showing whatever, that he had any knowledge of the market, or what such animals had been bought and sold for. We think the plaintiff was competent to testify as to the value of this stock. In the case of Filson v. The Territory, 67 P. 473, it was held by this court, Burford, C. J., delivering the opinion, that "farmers who buy *Page 374 
and use property are generally competent to testify as to its value." The witness in this case was a farmer, and had been a farmer for twenty years. This is not a high grade of opinion testimony. The weight of the evidence being a matter to be determined by the jury, it was for the jury in this case to give the proper credit to the testimony given by this witness.
In the case of Brown v. Moore, 32 Mich. 254, it was held that the opinion of a farmer as to the value of a horse or stallion was admissible. This doctrine is also upheld in the case ofMason v. Patrick, 100 Mich. 577, and in the case of Gere v.Insurance Company, 67 Iowa, 272. Illustrations of this class of opinion evidence may be found in Lawson on Expert and Opinion Evidence, beginning at page 15.
The next error complained of was the giving of instruction number one, in which the court directed the jury that in case they should find for the plaintiff they should assess his damages at the sum of $150. By this instruction the court took from the jury the question of the value of the stock killed. The question of value is usually a question for the jury and unless there is something in this case to make it an exception to the general rule, this instruction was error. The only testimony upon the point was that given by the plaintiff, which was allowed to go to the jury over the objection and exception of the defendant. It may be noticed that the statement of value is here a matter of opinion. It is claimed by the defendant in error that there was no contention on the trial concerning the value of the stock killed. The record however, does not bear out this theory. The allegations of the petition in this regard were denied by the answer, and the evidence offered under this head was objected to, so it can hardly be said *Page 375 
that there was no contention upon the point. It is true that the plaintiff was the only witness who testified upon the subject, but had the court the right to assume that the value of the property was established, and, in charging the jury, take this question from it? There are many cases where the court in giving its instructions may assume as proven that which both parties during the trial have assumed and treated as facts, or that which both parties have agreed to or admitted in the pleadings. Several authorities are cited by the defendant in error, and particularly the case of Clark v. Sidway142 U.S. 682, but a close examination of these cases shows that they are not in point, and particularly is this true of the last one. In that case the court did not take the question of value from the jury, but only referred to the value in a general way as being about a certain sum, leaving the amount to be found by the jury.
We think the jury was under no obligation to believe the plaintiff in this case, unless he convinced their reason, the same as in any other case, and they would have been entirely at liberty to reject his testimony altogether if they did not believe it to be true, and it did not convince their reason.
The supreme court of Kansas, in the case of Callison v.Smith, 20 Kan. 28, having under consideration this identical question, came to the conclusion that because a witness testified to a matter in which he was not contradicted, it did not necessarily follow that he must be believed, and giving as an illustration the fact that the very matter stated by the witness might be too improbable to be believed by any intelligent person, and its mere statement its own refutation, without a word of impeaching or contradictory testimony. *Page 376 
Opinions of witnesses are not binding upon a jury, but persuasive merely. (Thompson on Trials, sec. 380.)
The fact "that the evidence is all on one side does not, it has been held, authorize the court to direct the jury that it proves a fact in controversy; its sufficiency is for them." (Thompson on Trials, sec. 1037; Charleston Ins. Co. v. Corner,
2 Gill. [Md.] 411.) The jury have the same power to refuse their credit to the testimony under these circumstances, as they have where the testimony is contradicted, and no action of the court should control the exercise of their admitted right to weigh its credibility. The weight of the evidence always involves the consideration of the credit to be given to the witnesses, and this is the exclusive province of the jury. The court has no right to invade the province of the jury by attempting to pass upon the credit of the witnesses, or to determine what weight is to be given to the testimony of any witness. (Coudy v. St. L. I. M. S. Ry Co., 85 Mo. 79) A court cannot instruct a jury to find a controverted fact proven by oral testimony. (Curry v. Curry, 114 Pa. St. 367.) If a judge cannot instruct a jury to find a controverted fact, with greater force would the rule apply that he cannot assume a controverted fact as proven and take it from the jury entirely.
Therefore the judgment of the lower court is reversed, and the cause remanded with directions to grant a new trial.
Irwin, J., who presided in the court below, not sitting; Beauchamp, J., absent; all the other Justices concurring. *Page 377