ALBERT F. NEWELL AND FRANK M. ROSS v. THE LONG-
BELL LUMBER COMPANY.

(Filed September 1, 1904.)

1. **DECEIT—Fraudulent Representations.** False and fraudulent acts
   and statements which incidentally refer to the sale of real
   estate and which directly refer to the rights of a person under a
   bid therefor at sheriff's sale, by and through which, .money was
   had and received, are actionable to the extent of the injury suf-
   fered.
2. **SAME—Jurisdiction of District Court on Appeal.** In actions
   founded upon fraud and deceit a district court upon appeal from
   the probate court has jurisdiction where the amount sought to
   be recovered is $1,000.00· or less.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before*
*J. L. Pancoast, Trial Judge.*

W. S. Denton and John F. Curran, for plaintiffs in
error.

W. R. Cowley and Lawrence L. Cowley, for defendant in
error.

Opinion of the court by

GILLETTE, J.: This was an action brought originally
by the plaintiff in the probate court of Garfield county,
against the Long-Bell Lumber Company, defendants in er-
ror.

From the petition of the plaintiffs it appears that Ran-
som and Geneva Payne were the owners of lot 8, block 14,
in the government townsite of Enid in said county, and
that the defendant Long-Bell Lumber Company being the

holder of a mortgage upon said premises in the sum of $519.37, had caused said mortgage to be foreclosed in the district court of said county, and the mortgaged premises sold at sheriff's sale by order of the court, at which sale the defendant Long-Bell Lumber Company became the purchaser.

The plaintiffs desiring to purchase said lot applied to G. D. Pierce, the agent of defendant, and were by him informed that the sheriff's sale had not been confirmed, and if the plaintiffs would purchase the interest of the Paynes in said property and pay the debt due from them to defendant the action would be dismissed; and relying upon these statements the plaintiffs purchased from the Paynes their interest, at a cost of $229.20, and paid to defendants for their interest the sum of $570.80. That as a matter of fact at that time defendant had no interest in said property, having transferred their rights and interest in the premises to the M. E. Church South, by an assignment of their bid for the property on the sheriff's sale, which sale was afterwards confirmed by the district court to said church, and the sheriff's deed issued pursuant thereto.

The defendant answered denying all the allegations of the petition generally and specifically, except the allegations that defendant was a corporation organized under the laws of the State of Missouri, and authorized to do business in the Territory of Oklahoma. Afterwards the defendant filed its motion to dismiss said cause upon two grounds; first, "that this court (probate court) has no jurisdiction to try and determine said cause;" second, "that under the averments of plaintiff's· petition it is concerning a contract to real

estate." This motion was overruled by the probate court; the cause was thereupon tried, and after judgment appealed to the district court, where said motion was again renewed and considered by the said court, sustained, and an order entered dismissing the cause.

The case is now before this court upon appeal from such order.

The order and decision of the district court dismissing said action is based upon the 4th and 5th paragraphs of sec. 1562, Statutes of 1893. "4th. That the probate court shall not have jurisdiction of any action upon contracts for the sale of real estate. 5th. Of any matter wherein the title or boundaries of land may be in dispute, nor to order or decree the sale or partition of real estate."

Is this action one which comes within the prohibition of the above quoted statute? We think not. It is not an action upon contract for the sale of real estate, and does not seek either to enforce or avoid such contract; nor are the title or boundaries of land brought into question. By the allegations of the petition it is charged that the plaintiffs were induced to part with their money by the falsehood and deceit of the defendant, and ask judgment on account thereof. Because such falsehoods and deceit were of and concerning real estate and defendant's rights therein, does not bring the case within the prohibition of the statute.

A judgment either for or against the plaintiff upon the issues framed would not affect the title or boundaries of the real estate, concerning which the falsehood and deceit are charged. In fact the false and fraudulent acts and statements only incidentally refer to such real estate, but

actually refer to the rights of the defendant under a bid for the property at sheriff's sale, which was falsely represented to be in the defendant, when as a matter of fact the defendant had sold such rights to the M. E. Church South; thereby placing it beyond the power of the defendant to comply with the promises made, by and through which the plaintiff's money was had and received. This, if ultimately found to be true, was a fraud practiced upon the plaintiff, and actionable to the extent of the injury suffered. The fact that it was with reference to real estate sought to be purchased, and the question of title is only an incident to the right of recovery brings the case squarely within the language of Mr. Justice Pancoast in *C. O. & G. R. R. Co. v. Deperade,* 12 Okla. 367, wherein it is said.

"Many cases arise in which it may be necessary to show that certain persons are the owners of certain tracts of land, but it does not necessarily follow that the title to such land is in dispute. The ownership of the land goes to the qualification of the party to maintain the action, and the title to the land is material only for that purpose. In other words, the question of title is only an incident to the right of recovery." See also *Claggett v. Crall,* 12 Kan. 397, and *Schneider v. Schlentker,* 64 S. W. 505.

It is a well known principle of law that where one has been induced by fraud to enter into a contract, he can rescind the contract and sue for such damages as he may have sustained by reason of it. As the plaintiffs herein have elected to proceed for damages based upon the fraud charged in the petition, the statute cited in suport of the motion to dismiss would not apply, and the judgment demanded being not in excess of $1,000, the court had jurisdiction, and erred in its order of dismissal.

The judgment of the district court of Garfield county is reversed, and cause remanded for further proceedings in accordance with this opinion.

Pancoast, J., who presided in the court below, not sitting; all the other Justices concurring.