## ST. LOUIS & S. F. R. CO. v. COBB.

No. 3275.　Opinion Filed May 12, 1914.

(140 Pac. 1180.)

**APPEAL AND ERROR**—Assignment of Error—Briefs.　Where a cause has been assigned for submission, and no briefs filed or appearance made by the defendant in error, the assignments of error in plaintiff in error's brief will be sustained, if such assignments appear to be borne out by the record.

(Syllabus by Harrison, C.)

*Error from County Court, Muskogee County;*
*Thomas W. Leahy, Judge.*

Action by J. C. Cobb against the St. Louis & San Francisco Railroad Company, for loss of suit case. Judgment for plaintiff, and defendant brings error. Reversed.

*W. F. Evans, R. A. Kleinschmidt,* and *W. T. Stratton,* for plaintiff in error.

Opinion by HARRISON, C. This action was originally begun in the justice court of Muskogee county by J. C. Cobb against the St. Louis & San Francisco Railroad Company for the alleged loss of a suit case containing articles of the alleged value of $112.75. Judgment was rendered in favor of Cobb in the justice court, and the railroad company appealed to the county court, and, judgment being rendered in the county court in favor of Cobb, the railroad company appeals to this court upon the following assignments of error: First, error of the court in overruling defendant's demurrer to plaintiff's evidence; second, error in not requiring the jury to assess the amount of recovery; third, error in refusing the several written instructions requested by defendant; fourth, error in instructions given to the jury; fifth, error in refusing to set the verdict aside upon the grounds presented in the motion for new trial.

This cause was filed in this court November 7, 1911. Plaintiff in error filed brief January 12, 1912. No brief has been filed by defendant in error, and no appearance made by counsel. From an examination of the record and the authorities cited

in plaintiff in error's brief, the contentions therein made seem to be well founded, and, under rule 25 (38 Okla. x, 137 Pac. xi), should be sustained.

There is an apparent lack of any testimony tending to show a liability on the part of the company. The grips in question were delivered to a baggageman not in the employ of the railroad company, nor having any connection with the company, nor is there any testimony tending to show that such baggage was delivered to the railroad company by plaintiff, nor that plaintiff was a passenger on such road, nor that such road was in any wise accountable to plaintiff for such baggage, if, in fact, the baggage was lost.

The second contention is based upon the fact that the jury, in returning the verdict in favor of plaintiff, failed to state the amount which plaintiff was entitled to recover, the verdict being as follows:

"We, the jury in the above-entitled action, duly impaneled and sworn, upon our oaths find the issues in favor of the plaintiff."

Upon this verdict the court rendered judgment in the sum of $112.75.

Section 5807, Comp. Laws 1909 (section 5015, Rev. Laws 1910), reads as follows:

"When, by the verdict, either party is entitled to recover money of the adverse party, the jury, in their verdict, must assess the amount of recovery."

See, also, 38 Cyc. 879, and cases cited; 11 Pl. & Pr. 910; *Choctaw, O. & G. R. Co. v. Deperade,* 12 Okla. 367, 71 Pac. 629.

The verdict was duly excepted to by defendant at the time, and these errors duly presented in the motion for new trial.

We think, therefore, the court erred in refusing to set the verdict aside, and for these reasons, following rule 25 of this court (38 Okla. x, 137 Pac. xi), the judgment is reversed, and the court below instructed to render judgment in favor of defendant.

By the Court: It is so ordered.