## ST. LOUIS & S. F. R. CO. v. HIGGS.

No. 3458.   Opinion Filed May 12, 1914.

(141 Pac. 10.)

1.  RAILROADS—Lawful Fences—What Constitutes. A lawful fence to protect cattle, horses, and other such animals, required of persons and corporations operating railroads in this state, must be composed of posts and barbed wires, four wires to be firmly fastened to the posts, such posts to be not more than one rod apart, the top wire to be not less than 54 nor more than 58 inches from the ground, and the bottom wire to be not more than twenty nor less than fourteen inches from the ground.

2.  SAME—Construction of Hog-Proof Fence. Any person owning or occupying land adjacent to any railroad track of any railroad company shall have the right to attach to the fence, constructed along the track or right of way of said railroad company, any wires, boards, or other material, so as to make the fence of said railroad company sufficient to prevent any hogs or pigs from getting upon the track of said railroad company.

3.  SAME. Whenever the owner or occupant of any tract of land abutting against any line of railroad within this state shall desire to inclose any such tract of land for the purpose of making a hog, sheep, or goat pasture, and shall construct a fence for said purpose about said tract of land on all sides except along the side abutting against the railroad, it shall be the duty of such railroad company to construct a good and sufficient fence not less than four and one-half feet high, one barbed wire at the bottom of such fence, immediately above which shall be attached heavy woven wire, not less than 28 inches high and sufficient for the purpose of restraining swine, sheep, and

goats, with three barbed wires above the same, on the side of such tract, so far as the same extends along the line of such railroad, and maintain the same in good condition, so long as such owner or occupant of such tract may desire to maintain such pasture.

4.    SAME. Whenever the owner or occupant of any tract of land desires to construct a fence as provided by section 7499, Comp. Laws 1909 (Rev. Laws 1910, sec. 1439), he shall give written notice of his intention to the railroad company, upon whose line such tract is situated, by personal service upon the agent of said company at the station within this state, nearest to such tract of land, giving in said notice a description of said land, and it shall be the duty of the railroad company to construct and complete its portion of such fence within 60 days after the service of such notice, provided that, if such owner or occupant fails to construct his portion of such fence, then the railroad company shall not be required to construct such fence.

5.    SAME—Injury to Animals—Failure to Fence—Right to Recover—Evidence.    There is no allegation or proof and no pretense in the case at bar that the plaintiff had at any time constructed a hog-proof fence on any part of the land adjoining the defendant's right of way, or that any notice was served upon the railroad company to construct a hog-proof fence on any part of the land next to its road.    The plaintiff is therefore precluded from recovery on the ground of the insufficiency of the right of way fence.

6.    SAME—Herd Law—Presumption.    There being no proof that the herd law in McCurtain county has ever been suspended, the court will presume that the same was in effect in said territory at the time of the injury complained of.

7.    SAME—Injury to Animals on Track—Liability.    It appearing from the undisputed evidence that the hog which was injured ran upon the track within 25 feet in front of a passenger train which was at the time moving at the rate of 25 miles an hour, and that the engineer, after seeing the hog, did everything within his power to prevent the injury, the defendant is not liable, and the court should have so instructed the jury.

8.    SAME—Peremptory Instruction—Evidence.    In an action against a railroad company for damages caused by the killing of a hog on defendant's right of way, where such stock is killed under circumstances such as to cast upon the company the duty of ordinary care to prevent the injury, if the uncontradicted evidence shows that the duty has been performed, it is error to refuse to give a peremptory instruction requested by the defendant.

(Syllabus by Rittenhouse, C.)

*Error from County Court, McCurtain County;*
*T. J. Barnes, Judge.*

Action by H. A. Higgs against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and dismissed.

This action was commenced before a justice of the peace in McCurtain county, asking for damages against the railroad company. The material part of the bill of particulars is as follows:

"That on the morning of the 15th day of February, 1911, the west-bound passenger train, run and operated by said Frisco Railroad Company, ran over and killed one hog belonging to said plaintiff, Higgs, about 300 yards east of the depot at Bakhoma, McCurtain county, Okla. Said hog was of the value of $15."

This allegation was supported by the testimony of several witnesses, it not being denied that the train injured the hog; the only question contested being whether the railroad company was negligent. Plaintiff offered the testimony of three witnesses, Buck Clowdis, H. S. Hackworth, and Willis Stewart, to show that the right of way fence on both sides of the right of way, at the point where the hog was injured, was down. This is the only evidence offered by the plaintiff to show negligence.

Judgment was rendered in said justice court, and the railroad company appealed to the county court; answer was filed denying the allegations of the bill of particulars and alleging contributory negligence on the part of Higgs. Judgment was rendered against the St. Louis & San Francisco Railroad Company in the county court, and the railroad company brings the case here for review.

*W. F. Evans, R. A. Kleinschmidt,* and *E. H. Foster,* for plaintiff in error.

*E. L. Spriggs,* for defendant in error.

Opinion by RITTENHOUSE, C. (after stating the facts as above). Plaintiff in error will be designated as defendant, and defendant in error will be designated as plaintiff, in accord with their relative titles in the trial court.

At the close of the evidence offered by plaintiff, a demurrer was filed on behalf of the railroad company raising the proposition of whether a railroad company is liable for injury to hogs, where the only act or omission alleged or proved, is the failure to

maintain a right of way fence. This was overruled. At the close of the evidence, the defendant moved for a peremptory instruction, which was overruled and exceptions saved.

No proof was offered that the herd law in McCurtain county had ever been suspended, and this court will presume that the same was in effect in said territory at the time of the injury complained of. *M., K. & T. Ry. Co. v. Savage,* 32 Okla. 376, 122 Pac. 656, and cases cited.

In the case at bar the only duty the railroad company owed the owner of said hog was to use ordinary care to avoid injuring it after the hog was seen on the right of way. *A., T. & S. F. Ry. Co. v. Ward,* 32 Okla. 187, 120 Pac. 982; *A., T. & S. F. Ry. Co. v. Davis & Young,* 26 Okla. 359, 109 Pac. 551; *Pacific Ry. Co. v. Brown,* 14 Kan. 469; *A., T. & S. F. Ry. Co. v. Davis,* 31 Kan. 645, 3 Pac. 301; *St. L. & S. F. R. Co. v. Brown,* 32 Okla. 483, 122 Pac. 136; *Midland Valley R. Co. v. Bryant,* 37 Okla. 206, 131 Pac. 678.

The plaintiff evidently relies upon sections 1389, 1390, 1391, and 1392, Comp. Laws 1909 (Rev. Laws 1910, secs. 1435-1438), to show negligence on the part of the railroad company in the failure on the part of said railroad company to maintain the right of way fence. Said section 1389, *supra,* provides:

"It shall be the duty of every person or corporation owning or operating any railroad in the state of Oklahoma to fence its road, except at public highways and station grounds, with a good and lawful fence."

It will be found from a reading of section 1390, *supra,* that a legal fence shall be composed of posts and barbed wire, four wires to be firmly fastened to the posts, and such posts to be not more than a rod apart, the top wire to be not less than 54 nor more than 58 inches from the ground, and the bottom wire to be not more than twenty nor less than fourteen inches from the ground. This character of fence would not be supposed to hold hogs, even if said fence was in good condition, and the Legislature never intended this fence as a protection to swine, sheep, and goats, or it would not have required the bottom wire to be not less than fourteen inches from the ground; so it would be

immaterial in the trial of this cause whether a fence of this character was in bad condition, on both sides of the right of way, at the time of the injury to the hog. The bad condition of a fence, constructed under the foregoing sections, could not be alleged and proved as an act of negligence on the part of the railroad company in injuring hogs.

It is manifest that sections 1389 and 1390, *supra,* requiring railroad companies to maintain a fence and describing a lawful fence, was not designed to protect hogs from injury by the operation of trains, but was solely for the purpose of protecting horses, cattle, and other animals of a like character.

Section 1391, Comp. Laws 1909 (Rev. Laws 1910, sec. 1437), provides that:

"Any person owning or occupying land adjacent to any railroad track of any railroad company shall have the right to attach to the fence constructed along the track or right of way of said railroad company, any wires, boards or other material, so as to make the fence of said railroad company sufficient to prevent any hogs or pigs from getting upon the track of said railroad company."

Under this section it was the duty of the plaintiff to construct a hog-proof fence with wire, boards, or other material so as to make the fence sufficient to prevent any hogs or pigs from getting upon defendant's tracks, if he desired to pasture his hogs on adjoining lands to the right of way, unless the adjoining landowners proceeded under sections 7499 and 7500 (Rev. Laws 1910, secs. 1439, 1440), which are as follows:

"Section 7499. Whenever the owner or occupant of any tract of land abutting against any line of railroad within this state shall desire to enclose any such tract of land for the purpose of making a hog, sheep or goat pasture, and shall construct a fence for said purpose about said tract of land on all sides except along the side abutting against such railroad, it shall be the duty of such railroad company to construct a good and sufficient fence not less than four and one-half feet high, one barbed wire at bottom of such fence immediately above which shall be attached heavy woven wire not less than twenty-eight inches high, and sufficient for the purpose of restraining swine, sheep and goats, with three barbed wires above the same, on the side of such tract, so far as the same extends along the line of such railroad, and

maintain the same in good condition, so long as such owner or occupant of such tract may desire to maintain such pasture.

"Section 7500. Whenever the owner or occupant of any tract of land desires to construct a fence as provided in section 7499, he shall give written notice of his intention to the railroad company upon whose line such tract is situated, by personal service upon the agent of said company at the station within this state, nearest to such tract of land, giving in said notice a description of said land, and it shall be the duty of the railroad company to construct and complete its portion of such fence within sixty days after the service of such notice: Provided, that if such owner or occupant fails to construct his portion of such fence, then the railroad company shall not be required to construct such fence."

The foregoing sections provide the manner in which property owners adjoining a railroad right of way may protect their swine, sheep, or goats from injury. The plaintiff in this case offered no evidence which would bring him within any of these sections, nor has he shown that the company did not use ordinary care to avoid the injury to his hog. Before the plaintiff could recover on the ground of negligence in not maintaining a hog-proof fence, he would have to show: First. That he had constructed a hog-proof fence, for said purpose, about his tract of land on all sides except along the side abutting against the right of way. Second. That he had given written notice of his intention to said railroad company, by personal service upon the agent of said company at the station within the state nearest to such tract of land, describing the land and stating that he had so constructed a hog-proof fence around the three sides of his tract of land.

It would then become the duty of the railroad company to construct a good and sufficient fence along the right of way, not less than four and one-half feet high, one barbed wire at the bottom of such fence, immediately above which should be attached heavy woven wire not less than 28 inches high and sufficient for the purpose of restraining swine, sheep, and goats, with three barbed wires above the same so far as the same extends along the line of such railroad, and maintain the same in good condition; and to construct and complete such fence within 60 days after service of notice, as provided in section 7500, *supra*. But

if the owner or occupant should fail to construct a fence as provided by said section, the company is not required to construct such fence along its right of way.

It is neither alleged nor proved that the plaintiff had complied with sections 7499 and 7500, *supra,* by constructing a hog-proof fence on three sides of his land adjoining defendant's right of way, or that the notice was served on the railroad company to construct a hog-proof fence on any part of the land next to its road. Nor is it alleged or proved that the railroad company had neglected or refused to comply with the requirements of the act. The only negligence relied upon by plaintiff being that the right of way fence was down on both sides of the road, without showing that he had complied with sections 7499 and 7500, *supra,* the failure on his part to bring himself within said sections precludes him from recovery on the ground of the insufficiency of the right of way fence. *McCook et al. v. Bryan,* 4 Okla. 488, 46 Pac. 506.

In this case the undisputed testimony shows that the engineer was running his train at a speed of 25 miles an hour; that when he first saw the hog, it was about 25 feet ahead of the engine coming onto the track; that he immediately applied the air and dropped sand, stopping his train within eight or ten seconds. This evidence is undisputed and therefore comes within the case of *A., T. & S. F. Ry. Co. v. Henderson,* 27 Okla. 560, 112 Pac. 986, wherein it is said:

"In a stock-killing case against the railway company, when the stock is injured under such circumstances as to cast upon the company the duty of ordinary care to prevent the injury, if uncontradicted evidence shows that this duty has been fully performed, it is error to render judgment for the loss thus incurred against the defendant."

*K. C., L. & S. K. Ry. Co. v. Bolson,* 36 Kan. 534, 14 Pac. 5.

It appearing from the evidence that the plaintiff has failed to show any negligence on the part of the railroad company in maintaining a hog-proof fence, and it having been shown by the engineer that he acted with ordinary care in stopping his train eight or ten seconds after first seeing the hog, doing everything in his

power to prevent the injury, the defendant is not liable for the damages resulting from the injury to such hog, and the court should have instructed the jury accordingly.

This judgment should therefore be reversed, and the cause dismissed.

By the Court: It is so ordered.