## SCHAFF v. TINKLE.

No. 14323—Opinion Filed Dec. 11, 1923.

(Syllabus.)

1. Railroads—Construction and Maintenance of Hog Fence on Right of Way.

Under the provisions of sections 5540 to 5542, inclusive, Comp. Stat. 1921, the owner of any tract of land abutting on any line of railroad desiring to use the same as a hog pasture may require the railroad company to fence such tract of land on the side abutting such railroad by giving written notice of his intention to such railroad company by personal service upon the agent of said company at the station nearest such tract of land. If such railroad company should neglect or refuse to construct such fence along its railroad, the owner of such tract of land may construct the same and recover from the railroad company the cost of constructing such fence. But where the owner builds such fence without having given the statutory notice and the railroad company acquiesces and adopts such fence it is

the duty of said railroad company to maintain it in good condition and restore it if removed by the owner.

**2. Same—Cattle Guards and Wing Fences at Crossings.**

Under the provisions of sections 5536 and 5537, Comp. Stat. 1921, it is the duty of every person or corporation owning or operating a railroad in Oklahoma to build and maintain a fence along its right of way, except at public highways and station grounds, and this imposes the duty upon such person or corporation to construct and maintain suitable cattle guards and wing fences at points where public highways cross the tracks of such person or corporation. But under the provisions of said statutes a railroad company is not required to build hog-proof cattle guards, as such guards are not intended to restrain hogs from trespassing upon the tracks of the railroad company.

**3. Same—Action for Killing Hogs—Sufficiency of Cattle Guards—Erroneous Instruction.**

Where the court instructed the jury that the defendant railroad company had failed to construct and maintain a cattle guard in accordance with its duty and the plaintiff's hogs entered upon the railroad track at such point, and the railroad company was guilty of negligence, and the plaintiff was entitled to recover, regardless of whether or not said railroad company was negligent in operating its train when said hogs were killed, held, such instruction was error, as cattle guards are not required to be maintained by the railroad company for the purpose of protecting its right of way against trespassing hogs.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Henry Tinkle against Charles E. Schaff, as receiver of the Missouri, Kansas & Texas Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded, with directions.

M. D. Green and H. L. Simth, for plaintiff in error.

Pitman & Pitman, for defendant in error.

KENNAMER, J. Charles E. Schaff, as receiver of the properties of the Missouri, Kansas & Texas Railway Company, prosecutes this appeal to reverse the judgment of the superior court of Pottawatomie county rendered in favor of Henry Tinkle awarding him $125 damages for the alleged wrongful killing of seven head of hogs, which were killed by one of the defendant railroad company's trains on or about tthe 23d day of December, 1920.

The facts, in substance, appear from the evidence introduced in the trial of the cause as follows: The railroad right of way of the defendant company runs across a 40-acre tract of land owned by Tinkle, the plaintiff in the action, entering said 40 acres on the southeast corner and running in a northwesterly direction through said land. That a wagon road crosses about the middle of said 40 acres, and although said road had never been opened by county authorities, it had been in use for many years, and the 40 acres of land was inclosed on the west side of the railroad with hog wire and on the east side with an ordinary barbed wire fence. The public traveling through said 40 acres of land entered the same by means of gates made of wire. The hogs of the plaintiff, which were killed, were kept in the pasture on the west side of the railroad right of way and appear to have gotten out of said pasture at the gate, which according to the exhibit introduced, must have been located on the west side of the right of way in the hog wire fence.

The allegations of negligence relied on by the plaintiff to recover and submitted to the jury by the court were alleged negligence of the defendant to maintain and repair a cattle guard in the railroad track where the dirt road, which runs across the 40-acre tract of land, crosses said railroad track. The plaintiff's petition charged negligence in the defendant willfully killing the hogs in the operation of its train, but this allegation seems to have been abandoned and was not submitted to the jury.

The defendant demurred to the testimony of the plaintiff and requested an instructed verdict at the close of all of the evidence, and the assignments of error present the correctness of the court ruling upon the demurrer and request of peremptory instructions.

We have carefully examined the record, and it appears that the cause was tried by the plaintiff upon the theory it was the duty of the defendant company to place a hog-proof cattle guard where the dirt road crossed the track of the defendant railroad company, and that such guard would have prevented the hogs of the plaintiff from straying upon the railroad track after they had escaped from the pasture of the plaintiff. This contention is untenable. There is no law in this state requiring a railroad company to build hog-proof cattle guards at highway crossings. Under sections 5540, 5541, and 5542, Comp. Stat. 1921, the owner of any tract of land abutting on any line of railroad desiring to use the same as a hog, sheep, or goat pasture may require the railroad company to fence such tract of land on the sides abutting said railroad line by giving the proper notice as provided, and on failure of said railroad company to build such

fence within 60 days subsequent to such notice, the owner may build such fence and recover from said railroad company the price of the labor and material used in constructing such fence. The plaintiff in this case had fenced his land, and it is not claimed that the hogs escaped from the pasture by reason of the failure of the railroad company to keep the fence next to its right of way in repair.

Sections 5536 and 5537, Comp. Stat. 1921, provide that it is the duty of every person or corporation operating a railroad within the state to fence its right of way, except at public highway crossings and station grounds, with a good and lawful fence. "Lawful fence" is defined to be one composed of four wires firmly fastened to posts not more than one rod apart, the top wire to be not less than 54 nor more than 58 inches from the ground, and the bottom wire to be not more than 20 nor less than 14 inches from the ground. This is the only kind of fence that the railroad company must build in inclosing its right of way, and such a fence is not intended to protect its right of way from trespassing hogs, sheep, or goats, unless the owner of any tract of land abutting a railroad right of way has given such railroad company the statutory notice of his intention to construct a hog-proof fence around such land. St. L. & S. F. Ry. Co. v. Higgs, 42 Okla. 171, 141 Pac. 10.

Where the owner has built such a fence along the right of way of a railroad company, such company may, by assent or acquiescence, adopt it, and in the absence of any agreement it will be the duty of the railroad company to maintain it in good condition and restore it if removed by the owner. But so long as it remains and is kept in good condition, no matter by whom, so that domestic animals do not get upon the track by reason of any defect in it, the company is not liable as for failure to perform the duty to fence as imposed on it by the statute, for the reason the duty has been discharged by a volunteer. Hovorka v. Minneapolis & St. L. Ry. Co., 31 Minn. 221, 17 N. W. 376.

It is our conclusion, there being no statute requiring the defendant company to maintain hog-proof guards at the crossing complained of, the trial court committed error in submitting such issue to the jury. In view of the fact that it appears that the question as to the willful negligence of the company in killing the hogs was not gone into by the plaintiff, probably for the reason that he believed he was entitled to recover upon the failure of the defendant to maintain hog-proof guards, we will reverse the cause, with directions to the court to grant a new trial in order that the case may be tried upon the issue as to willful negligence of the defendant in killing the hogs.

JOHNSON, C. J., and NICHOLSON, COCHRAN, BRANSON, and HARRISON, JJ., concur.