**KANSAS CITY SOUTHERN RAILWAY COMPANY, Plaintiff in Error,**

v.

**Edgar ENGLISH, Defendant in Error.**

**No. 41104.**

Supreme Court of Oklahoma.

April 5, 1966.

Rehearing Denied June 7, 1966.

**310**

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for plaintiff in error.

Lloyd E. Cole, Jr., Stilwell, for defendant in error.

HALLEY, Chief Justice.

Parties will be referred to as they appeared in the trial court. Eight head of cattle valued at $1,280.00 and eight swine valued at $160.00 belonging to the plaintiff strayed upon the railroad tracks of the defendant railroad and were killed. Plaintiff sues the defendant for the loss of the livestock contending that the railroad was negligent in failing to properly maintain its right-of-way fences so as to prevent livestock from entering the right-of-way. A jury was waived and the case tried before the trial judge.

The trial court entered judgment in favor of the plaintiff for the sum of $1,300.00.

■ In Oklahoma a railroad is required' by statute "to fence its road * * * with a good and lawful fence." § 141, Title 66, O.S. 1961, reads:

"It shall be the duty of every person or corporation owning or operating any railroad in the State of Oklahoma to fence its road, except at public highways. and station grounds, with a good and lawful fence."

The decisions of this Court are in accord.. New v. Elliott, 88 Okl. 126, 211 P. 1025; Missouri, K. & T. R. Co. v. Simerly, 72 Okl. 251, 180 P. 551; St. Louis & S.F. R. Co. v. Smith, 41 Okl. 163, 137 P. 714.

■ This Court has held that § 141, supra, applied to trespassing cattle but not to trespassing hogs. Schaff v. Tinkle, 96 Okl. 204, 221 P. 17; St. Louis & S.F. R. Co. v. Higgs, 42 Okl. 171, 141 P. 10.

§ 145 and § 146, Title 66, O.S. 1961, outline the duties of railroads in fencing against trespassing swine. These Sections are as follows:

"Whenever the owner or occupant of any tract of land abutting on any line of railroad within this State shall desire to enclose any such tract of land for the purpose of making a hog, sheep or goat pasture, and shall construct a fence for said purpose about said tract of land on all sides except along the side abutting on such railroad, it shall be the duty of such railroad company to construct a good and sufficient fence not less than four and one-half feet high, one barbed wire at bottom of such fence immediately above which shall be attached heavy woven wire not less than twenty-eight inches high, and sufficient for the purpose of restraining swine, sheep and goats, with three barbed wires above the same, on the side of such tract, so far as. the same extends along the line of such railroad, and maintain the same in good condition, so long as such owner or occupant of such tract may desire to maintain such pasture."

"Whenever the owner or occupant of any tract of land desires to construct a fence as provided in the preceding section, he shall give written notice of his intention to the railroad company upon whose line such tract is situated, by personal service upon the agent of said company at the station within this State, nearest to such tract of land, giving in said notice a description of said land, and it shall be the duty of the railroad company to construct and complete its portion of such fence within sixty days after the service of such notice: Provided, that if such owner or occupant fails to construct his portion of such fence, then the railroad company shall not be required to construct such fence."

■ Defendant contends that plaintiff is not entitled to recover for his lost swine because of his failure to serve the notice on the defendant as required by Section 146, supra, citing St. Louis & S.F. R. Co. v. Higgs, 42 Okl. 171, 141 P. 10; McCook v. Bryan, 4 Okl. 488, 46 P. 506. The cases cited by the defendant are not applicable to the facts presented in the present case.

The undisputed evidence in the instant case establishes that plaintiff purchased the land involved about five years prior to the incident of the killing of his livestock. At the time he purchased the property, the swine pasture and the fence around it including the hog-tight fence of the right-of-way of the defendant had been erected. The record is silent concerning the circumstances surrounding the erection of the fence. The railroad company was charged with knowledge of the existence of the fence and was required to properly maintain it. It would have served no useful purpose for the plaintiff to notify the railroad that he intended to continue to use a fence which was already built.

The facts presented herein are quite similar to those presented in Choctaw, Oklahoma & Gulf R.R. v. Deperade, 12 Okl. 367, 71 P. 629, wherein the facts are as follows: Plaintiff owned a tract of land and built a fence around it. Later the railroad was built across or contiguous to the tract. It erected right-of-way fences. Plaintiff's livestock, because of an alleged defect in the fence, strayed upon the right-of-way and were killed by a passing train. In a suit seeking recovery for the lost animals, the railroad contended that the plaintiff had failed to notify the railroad of the need for the fence. This Court held that under the circumstances the railroad waived formal notice. A portion of the opinion reads,

"In the case at bar the record shows that when the railroad company built its line of road through this land the same was fenced, and the railroad company, whether with or without notice, proceeded to construct just such a fence as the law requires to be constructed upon notice. The railroad company, when constructing its road through the lands of the defendant in error, must have known that the same was fenced, and, having constructed the fence required by law, without notice, it should be deemed to have waived the same, as notice under such circumstances could serve no good purpose. We cannot concede the proposition that this statutory notice cannot be waived. The notice is only necessary where land that has been open is fenced by the owner, in order that the railroad company's attention may be called to that fact. If the attention of the company is called to the fact that the land is fenced, and it proceeds to construct the fence required by law, we can see no reason why it should not be required to maintain the same. Nothing could be accomplished by serving the notice after the railroad company had constructed its fence, and no injury could come to the company by reason of the failure of the owner to serve the written notice required by the statute, when the company had other notice, and, recognizing the fact that the owner had completed his fence, proceeded to comply with the requirements of the law without the formality of a written notice. As stated by the plaintiff

in error, the object of this notice is to bring to knowledge of the railroad company the fact that the abutting owner has complied with the statute. If the company has received notice otherwise, and proceeds to comply with the statute, the statutory notice will be deemed to have been waived."

The railroad fence having been erected prior to the time plaintiff acquired the property, no further notice to the railroad was necessary of his intention to continue using the property for pasturing swine.

■■ The evidence relating to the value of the lost animals is conflicting but defendant does not contest the amount of the judgment. There is also a conflict of evidence relating to the negligence of the defendant in maintaining the right-of-way fence. The evidence is sufficient to support the judgment of the trial court, and will not be disturbed by this Court on appeal. New v. Elliott, supra; Camp v. Black Gold Pet. Co., 195 Okl. 30, 154 P.2d 769; Sunshine Oil Co. v. Chantry, 186 Okl. 49, 96 P.2d 20.

Judgment of the trial court is affirmed.

WILLIAMS, BLACKBIRD, HODGES, and LAVENDER, JJ., concur.

JACKSON, V. C. J., and DAVISON and BERRY, JJ., concur in part and dissent in part.

IRWIN, J., dissent.

DAVISON, Justice (concurring in part and dissenting in part).

I concur in the majority opinion in so far as the damages to the cattle is concerned but dissent to any damages allowed for the loss of hogs.

The majority opinion correctly states that Sec. 141, Title 66 O.S. 1961, applies to trespassing cattle but not to trespassing hogs.

Sections 145 and 146, Title 66 O.S. 1961, which are fully set forth in the majority opinion outline the duties of railroads in fencing against trespassing swine. It is these two sections of the statute that directs me to write this short dissent.

I am of the opinion that the holding in the case of St. Louis & S.F. Ry. Co. v. Higgs, 42 Okl. 171, 141 P. 10, is controlling and decisive on this phase of the case. This case has never been overruled and is still the law. In that case we held where, in an action for killing a hog by a train, there was no proof that plaintiff constructed a hog fence on the adjoining land or served notice on that railroad company to construct a hog-proof fence pursuant to Sections 145 and 146, supra, he could not recover.

There is no allegation in plaintiff's petition, or proof offered during the trial, that the above referred to sections of the statute were followed either by plaintiff or his predecessor in title.

The evidence discloses that plaintiff never gave the defendant notice of the necessity of a hog wire fence. There is no evidence that anyone who ever owned the land gave defendant notice that a hog wire fence was being built on the premises.

The majority opinion states that:

"The railroad fence having been erected prior to the time plaintiff acquired the property, no further notice to the railroad was necessary of his intention to continue using the property for pasturing swine."

I am of the opinion that the majority opinion is erroneous in this respect because such statement is not in line with the statutory requirements pertaining to *Notice.*

Since the judgment for the loss of the swine is only a small part of the principal judgment, I am of the opinion that we should affirm the judgment, but require a remittitur for that part of the judgment allowed for the loss of the swine.

I am authorized to state that JACKSON, V. C. J., and BERRY, J., concur in this dissenting opinion.