FAUROT v. OKLAHOMA WHOLESALE GROCERY CO.

No. 2002, Okla. T.    Opinion Filed May 13, 1908.

(95 Pac. 463.)

NEGLIGENCE—Dangerous Premises—Unguarded Elevator—Invitation Upon Premises. A person injured, although an infant, by falling down an elevator shaft in a wholesale grocery which was left unguarded, in order to recover must show the owner of the premises was under obligations to protect him from the injury; and the owner of such premises is liable for an injury occurring therein through his negligence only when the injured person comes upon them by invitation, express or implied, of the owner.

(Syllabus by the Court.)

*Error from District Court, Oklahoma County; before B. F. Burwell, Judge.*

Action by Henry Faurot, by his next friend, Anna Faurot, against the Oklahoma Wholesale Grocery Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*Fred S. Caldwell,* for plaintiff in error.
*Shartel, Keaton & Wells,* for defendant in error.

KANE, J.: This was an action · for damages for personal injuries alleged to have been sustained by plaintiff in error, who, for convenience, will hereafter be called the plaintiff, by reason of the negligence of the defendant in error, who for convenience, will hereafter be called the defendant, in leaving unguarded an elevator shaft on the premises occupied by it in Oklahoma City where it conducts a wholesale grocery business. In the court be-

low a demurrer to the evidence of the plaintiff was interposed by the defendant and sustained by the court, and judgment entered for the defendant. To this ruling of the court below plaintiff duly excepted, and the cause is now in this court on appeal.

The defendant raises some objections to the court going into the merits of the cause on account of alleged defects in the record; but we prefer to pass over these objections without deciding them, and try the case on its merits.

The facts, as shown by the evidence, were substantially as follows: At the time of the accident the defendant, a corporation, was occupying and had under its care and control and was conducting its business of a wholesale grocery in a certain brick building in Oklahoma City. In the rear of the building there was a platform where goods were loaded and unloaded. The plaintiff was a boy about 9½ years old at the time of the accident, and his father was conducting the meat department of a retail grocery store in Oklahoma City known as "Brown's C. O. D." Plaintiff's father frequently required him, when not in school, to come to said store and deliver meat orders that came in too late to be delivered by the grocery wagon. On the day of the accident plaintiff was so required to be at said store. The said Brown's C. O. D. was one of defendants retail customers in Oklahoma City, and at about the time of the accident the defendant had purchased a load of empty boxes from Eli Brown, the proprietor of Brown's C. O. D., promising to send its own team for them. Before the defendant sent for the boxes Brown, without any instructions from the defendant in error to do so, the boxes being in his way, delivered them to the defendant. This delivery of the boxes to defendant on the part of Brown was made by one of Brown's employes named Baker. The plaintiff accompanied Baker to the defendant's place of business at the request of one of Brown's clerks to show the driver where the wholesale house was. When the boy and the driver came to defendant's place of business they drove in the west side and to the rear of the building, this being the proper place to make delivery of said boxes. The rear door being fas-

tened, and there being no person there to receive the boxes, plaintiff, by said Baker's direction, went to the front of the building, passed around on the west side thereof, and entered defendant's place of business through the large double door in the front entrance thereof for the purpose of finding some person to receive the boxes. Upon entering said building plaintiff saw some persons working in the light of some electric lights burning in the rear part of the building. He walked down a passageway, having boxes of goods, etc., piled high on either side. In proceeding down said passageway he walked into defendant's elevator shaft, which was open and without any railing or guard of any sort, and received injuries of a serious nature.

The foregoing are in substance, the facts upon which counsel for plaintiff claims his right to recover. He insists that his client comes within the rule laid down in *Bennett v. Louisville & Nashville R. R. Co.*, 102 U. S. 577, 26 L. Ed. 235:

"The owner or occupant of land who, by invitation, express or implied, induces or leads others to come upon his premises for any lawful purpose, is liable in damages to such persons—they using due care—for injuries occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public, or to those who were likely to act upon such invitation."

The facts in the United States Supreme Court case above cited are: That the plaintiff was injured while passing over the customary and only available and convenient route for persons passing from the railway depot to the steamboat landing. That the custom of travelers to use such passageway as a footway was not only a necessary one, but was known to and permitted by the company. There was no safe and convenient way except the one pursued by the plaintiff, and he was injured while going to the steamboat for the purpose of prosecuting his journey. The difference between the facts in this case and the case at bar are too obvious to need extended discussion. There the plaintiff was on

business with the defendant, and was traveling the only convenient and available route, and the passage of passengers over such route was known to and permitted by the company. Here the plaintiff was acting for the accommodation of a third person without the knowledge or consent of the defendant, and was injured while upon the premises of the defendant without an invitation, express or implied.

In *Toledo, Wabash & Western Railway Company v. Grush*, 67 Ill. 262, 16 Am. Rep. 618, another case cited by plaintiff, Grush brought suit against the railroad company to recover for an injury received in stepping through a hole in the platform at the railroad company's station. Grush obtained judgment in the lower court, and the appellate court in sustaining the judgment of the trial court speaks as follows:

"In the case under consideration the plaintiff lawfully entered upon the platform by the direction of his employer to see that certain freight belonging to the latter, and which had arrived at the station by appellant's road, was properly taken care of, and while upon the platform between 5 and 6 o'clock p. m. for that purpose and looking for the agent he accidentally stepped through a hole in the platform, causing a severe internal injury."

The *Grush Case* is clearly distinguishable from this one. The plaintiff there was upon a depot platform where the railroad company impliedly invited people having business with it. Here the plaintiff was upon the premises without invitation. Other cases are cited; but none are stronger in favor of plaintiff than the foregoing, and clearly his case does not fall within the rule laid down in them.

By no rule of interpretation could the plaintiff's presence on the premises of the defendant be construed to be by invitation, express or implied. The nature of defendant's business was not such as to be an implied invitation to the general public to enter its place of business, nor is it pretended that Mr. Brown was acting at the request of defendant in delivering the boxes, nor that the defendant was in any way responsible for the presence of

plaintiff on the premises.   The evidence shows that the defendant was going to deliver the boxes itself, but that Brown voluntarily delivered them because they were in his way, and the boy went along by request of Brown's clerk to show Brown's driver the way to the defendant's premises.   We have very carefully examined the authorities cited by plaintiff, and do not find among them a single case where a recovery has been had under a statement of facts similar to the facts in the case at bar.

In the case at bar it does not appear from the evidence that there existed any obligation or duty towards the party injured which the defendant had left undischarged or unfulfilled.

"In every case involving actionable negligence there are necessarily three elements essential to its existence: (1) The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains;   (2) a failure by the defendant to perform that duty; and (3) an injury to the plaintiff from such failure of the defendant.   When these elements are brought together, they unitedly constitute actionable negligence. The absence of any one of these elements renders a complaint bad or the evidence insufficient." (*Faris v. Hoberg,* 134 Ind. 269, 33 N. E. 1028, 39 Am. St. Rep. 261.)

Another Indiana case states the rule thus:

"A person entering a warehouse as a licensee merely and falling down an unprotected elevator shaft to his injury has no cause of action against the owner of such warehouse.   It is only when the injured party comes upon the premises of the owner or proprietor by invitation, express or implied, that the latter assumes the obligation of providing safe and suitable means of ingress and egress, and of moving about the premises." (*The South Bend Iron Works v. Larger,* 11 Ind. App. 367, 39 N. E. 209.)

The case of *Hargreaves v. Deacon,* 25 Mich. 1, is strongly in point here.   It is in point not only on the proposition of law involved, but the person injured in that case was also a child of tender years, making the language of Mr. Justice Campbell particularly applicable to the case at bar:

"The plaintiff below sued as administrator of his son, a child

of tender years, who was killed by falling into a cistern on the premises of plaintiffs in error, which had been, as was claimed, left uncovered. * * * There is some danger in dealing with these questions of confounding legal obligations with those sentiments which are independent of the law, and rest merely on grounds of feeling, or moral considerations. We feel, usually, more indignation at wrongs done to children than at wrongs done to others. But the law has not usually given them civil remedies on any such basis. Nor does it usually, if ever, impose any duties on strangers towards them, resting entirely on the fact that they are children. * * * If, for example, a grown person coming upon the premises simply by the permission of the occupants had fallen into this cistern without any negligence by stepping where there was no apparent danger, he would in law have stood just where this child did. The injury might have happened, as in *Fisher v. Thirkell*, 21 Mich. 1, from the insecurity of an apparently safe covering. We have searched diligently, and perhaps a little anxiously, to find legal support for a distinction, but there is no foundation for any in law, and we think there is none in any reason which should govern the action of courts of justice. * * * We express no opinion concerning cases where the nature of the business is such as to present peculiar attraction to children beyond other kinds of occupation. A person incurs no duties towards persons by not warning or driving them from his premises, and they go there, if mere volunteers and without invitation, at their own risk."

From the foregoing authorities it is deducible that a person injured, although an infant, by falling down an elevator shaft in a wholesale grocery, which was left unguarded, in order to recover must show the owner of the premises was under obligation to protect him from the injury; and the owner of such premises is liable for an injury occurring therein through his negligence only where the injured person comes upon them by invitation, express or implied, of the owner.

We express no opinion concerning cases where the nature of the business is such as to present peculiar attraction to children, as that question is not in this case.

No matter how much we may regret the accident to the plain-

tiff, is seems clear that it is one of those for which the law entitles him to no relief against the defendant. He was upon the premises of the defendant without invitation under such circumstances that the defendant owed him no duty to protect him from the injury of which he complains. This being so, it follows that the demurrer to the evidence was properly sustained, and the judgment of the court below must be affirmed.

All the Justices concur.