Susie E. Robinson *vs.* Sylvester Tower Company.

Middlesex.    December 6, 1909. — January 6, 1910.

Present : Knowlton, C. J., Morton, Braley, Sheldon, & Rugg, JJ.

*Negligence,* Due care of plaintiff, Employer's liability. *Practice, Civil,* Entry of judgment. *Judgment,* Entry of. *Supreme Judicial Court.*

In an action by a young woman about twenty years of age for personal injuries sustained while in the employ of the defendant, it appeared that the plaintiff operated in the defendant's piano action factory a small machine, called a pinning machine, which was used to fasten together two small pieces of wood. The machine was run by power transmitted from a pulley, on an overhead shaft about an inch in diameter, by means of a leather cord or belt "about the thickness of a penholder." The belt was fastened together by a wire put through a hole at each end of it, the two ends then being twisted together and pounded down close to the belt. The belt was thrown off at night and put on again in the morning. The machine was on a bench about three feet from the floor, and when the plaintiff stood on the bench the top of her head was about on a level with the shaft. On the morning of the accident she got on the bench

to put the belt on the pulley, when her hair was caught by the belt and was wound around the shaft, causing the injuries complained of. The plaintiff testified that she had been accustomed to put on the belt without any objection on the part of the foreman or his assistant, and there was other evidence warranting a finding that it was expected and understood that the plaintiff should put the belt on. There was nothing to show that she was not putting it on in the usual manner, or to show that the operation of putting it on was so dangerous that the risk of her hair being caught by it was an obvious one. On cross-examination the plaintiff testified that when she stopped work the night before "the belt was working all right," as far as she could remember. The presiding judge refused a request of the defendant to rule that upon all the evidence the plaintiff could not recover, and put to the jury the question, "Did the belt fastener catch into the plaintiff's hair and cause her injury?" to which the jury answered, "Yes." The jury returned a verdict for the plaintiff. Upon exceptions alleged by the defendant, it was *held*, that, although there was evidence for the jury that the plaintiff was in the exercise of due care, there was no evidence of negligence on the part of the defendant; that the fact that in some way the fastening caught in the plaintiff's hair did not show that the fastening was defective or was out of repair, or show that, if it was defective or out of repair, it had been in that condition for such a length of time that the defendant in the exercise of reasonable care ought to have discovered the defect and have remedied it.

In an action for personal injuries sustained while in the employ of the defendant, where it was held by this court that there was evidence for the jury that the plaintiff was in the exercise of due care but that there was no evidence of negligence on the part of the defendant, and the presiding judge had refused a request of the defendant to rule that upon all the evidence the plaintiff could not recover, the jury had returned a verdict for the plaintiff, and the defendant had excepted, and where it appeared from the record that the case had been tried fully and fairly with no misapprehension or misunderstanding on either side as to the issues involved, this court, in sustaining the defendant's exceptions, also *held*, that the case was one for the application of St. 1909, c. 236, and that the defendant was entitled to have judgment entered in its favor.

Tort for personal injuries sustained by the plaintiff while in the employ of the defendant, a corporation, at work in its piano action factory at Cambridge on May 25, 1906. Writ dated August 10, 1906.

In the Superior Court the case was tried before *Bond*, J. It appeared that at the time of the accident the plaintiff was a young unmarried woman about twenty years of age, who had been employed in defendant's piano action factory for seven years and in the action department where she was hurt for three months. The evidence in regard to the happening of the accident is described in the opinion.

At the close of the evidence the defendant asked for certain rulings, some of which the judge refused to make. Among the rulings requested by the defendant and refused by the

judge was the following: "1. Upon all the evidence, the plaintiff is not entitled to recover, and you must return a verdict for the defendant." The judge submitted the case to the jury, putting to them also a special question which, with the answer of the jury, is quoted in the opinion. The jury returned a verdict for the plaintiff in the sum of $2,500; and the defendant alleged exceptions.

*F. B. Kendall,* for the defendant.

*F. W. Fosdick,* (*E. A. Counihan, Jr.,* with him,) for the plaintiff.

MORTON, J.   At the time of the accident the plaintiff operated in the defendant's piano action factory at Cambridge a small machine, somewhat like a sewing machine, called a " pinning " machine, and used to fasten two small pieces of wood together. The machine was run by power transmitted from a six or seven inch grooved pulley on an overhead shaft about an inch in diameter. The power was transmitted by means of a leather cord or belt about three eighths of an inch in diameter, or, as the plaintiff described it, " about the thickness of a penholder." The belt was fastened together by a wire put through a hole in each end of it, the two ends of wire being then twisted together and pounded down close to the belt. The belts were thrown off at night and put on again in the morning. The machine was on a bench about three feet above the floor, and the overhead shaft was about five and a half feet above the bench. The plaintiff was five feet and six and a half inches in height. On the morning of the accident she got on to the bench to put the belt on, when her hair got caught by the belt and was wound round the shaft, causing the injuries complained of.

We assume in the plaintiff's favor that she was in the exercise of due care. She testified that she had been accustomed to put on the belt without any objection on the part of the foreman or his assistant; and there was other evidence warranting a finding that it was expected and understood that she should put the belt on. There was nothing to show that she was not putting it on in the usual manner, or to show that the operation of putting it on was so dangerous and the risk so obvious that she must be deemed to have been wanting in due care in undertaking to put it on or to have assumed the risk. It cannot be said that the question of her due care was not for the jury.

But we fail to find any evidence of negligence on the part of the defendant. The jury answered "yes" to the question put to them by the presiding judge: "Did the belt fastener catch into the plaintiff's hair and cause her injury?" The plaintiff's contention is that the belt fastener had become worn so as to be out of repair, and that the defendant was negligent in not discovering and remedying it. She also contends that the defect could and would have been discovered by proper inspection, and that the defendant was negligent in not having caused such inspection to be made. But, except the fact that in some way the fastening caught in the plaintiff's hair, there was and is nothing to show that it was defective or out of repair, or to show, if it was defective and out of repair, how long it had been so. The fact that the plaintiff was injured is not enough to render the defendant liable as the law now is. Possibly it could be fairly inferred from the plaintiff's description of the accident that the twisted part of the wire had bent or sprung out and did not lie flat upon the belt as it should, and that it was that which caught in the plaintiff's hair and caused the accident. But if that be so, and assuming that such a condition of the fastener would constitute a defect, it does not remove the difficulty, for there was absolutely nothing to show that it had been in that condition for such a length of time that the defendant ought in the exercise of reasonable care to have discovered and remedied it. On the contrary, the plaintiff testified on cross-examination that when she stopped work the night before "the belt was working all right," as far as she could remember. There was evidence to the same effect from the man in the defendant's employ whose business it was to keep the machinery and belts in repair, and also from the foreman in charge of the room, both of whom were called as witnesses by the defendant. If the jury could have disbelieved their testimony and have thought that the plaintiff was possibly mistaken about the condition of the belt the night before, even then there was nothing to show how long the defect, if there was one, had existed or that the defendant was negligent in not having discovered and remedied it. For aught that appears the plaintiff's act in putting on the belt may have caused the fastening to become bent or sprung. It was not contended that the method of fastening the ends of the belt together was

an improper one. We discover no evidence of negligence on the part of the defendant.

Amongst the rulings asked for by the defendant was one that upon all the evidence the plaintiff was not entitled to recover. The defendant duly excepted to the refusal of the presiding judge to give the ruling thus requested. No exceptions were taken by the plaintiff. The case appears to have been fully and fairly tried, with no misapprehension or misunderstanding on either side as to the issues involved; and we think that it is one for the application of St. 1909, c. 236, and that the defendant, in addition to having its exceptions sustained, is entitled to have judgment entered in its favor, and that a rescript should be sent accordingly.

*Exceptions sustained; judgment for the defendant.*