# NEW YORK PLATE GLASS INS. CO. v. KATZ.

No. 5519.    Opinion Filed October 12, 1915.

(152 Pac. 353.)

**NEGLIGENCE—Direction of Verdict—Evidence.**  In a suit based on negligence, the court should submit the case to the jury, unless the evidence produced, together with all reasonable deductions and inferences to be fairly drawn therefrom, entirely fails to show negligence upon the part of defendant.  If the evidence fails entirely to show negligence, then the court should instruct a verdict in favor of defendant.

(Syllabus by Brewer, C.)

*Error from County Court, Creek County;*
*Warren H. Brown, Judge.*

Action by the New York Plate Glass Insurance Company against A. J. Katz.  Judgment for defendant, and plaintiff brings error.  Affirmed.

*Burke & Harrison,* for plaintiff in error.

Opinion by BREWER, C.  This suit was brought by the New York Plate Glass Insurance Company, as plaintiff below, against A. J. Katz, as defendant.  Plaintiff alleged that it was in the business of insuring plate glass, and had insured certain windows belonging to a man named Brin, which windows were in a store building occupied by defendant, Katz; that the glass was broken and replaced by plaintiff at a cost of $110; that the breaking of the glass was caused by the negligence and want of care of defendant, Katz; that the cause of action of Brin against Katz had been transferred to plaintiff; and that it was subrogated to the rights of Brin.  Defendant answered by general denial.  There was a trial of the issues thus formed to a jury, and at the conclusion of

the evidence, the court instructed the jury to find a verdict for defendant.

The only point urged for reversal of the case is leveled at the action of the court in directing the jury to find for defendant, which was, in effect, a holding by the court that there was no evidence reasonably tending to show negligence upon the part of defendant. Of course it goes without saying, that if there was any evidence in the case reasonably tending to support the allegation that the glass was broken and thus destroyed because of the negligence of defendant, the court should have submitted the same to the jury, and would therefore have been in error in directing a verdict. In other words, it is only where the evidence produced, together with all reasonable deductions and inferences fairly deducible therefrom, entirely fails to show any negligence upon the part of defendant that the court would be justified in instructing the jury to find for defendant. Therefore, with this rule in mind, it becomes necessary to examine the evidence.

Plaintiff in error has collected and set out in its brief such of the evidence as it claims shows negligence. We have examined this with care, and fail to find wherein it tends to show any failure of duty upon the part of defendant. The evidence, boiled down, simply shows that defendant, who had a mercantile business in the building, was using the windows for display purposes, and had in them a certain display form, made of wood, upon which goods were displayed; that the glass was found broken, and this form appeared to have been tilted over against it, through some cause or agency unknown. We do not consider that there is any evidence that the form was negligently used or placed in the windows, or left unneces-

sarily unstable; and, unless we can say, as a matter of law, that it is negligence to use a display window for the display of goods on these wooden forms, we will be unable to say that negligence has been shown.

We therefore believe with the county court that there was no evidence in the case reasonably tending to prove the allegations of the petition and that therefore the judgment should be affirmed.

By the Court: It is so ordered.