**MIDLAND VALLEY RAILROAD CO. v. GRANEY.**

No. 9809—Opinion Filed Nov. 4, 1919.

Rehearing Denied Dec. 23, 1919.

**1. Trial—Demurrer to Evidence—Effect.**

A demurrer admits the truth of all the evidence introduced and of all the facts which it tends to establish, as well as every fair and reasonable inference. And should be overruled unless the evidence and all inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff. But where the evidence fails entirely to show primary negligence, the court should sustain the demurrer and instruct a verdict in favor of the defendant.

**2. Negligence—Question of Law or Fact—Contributory Negligence.**

The provision of the Constitution (sec. 6, art. 23), under which the defense of contributory negligence shall be a question of fact and submitted to the jury does not apply to primary negligence because of which a recovery is sought, and where there is no evidence reasonably tending to show that the defendant is guilty of negligence, it is error for the trial court to submit the issue to the jury.

**3. Master and Servant—Safe Place to Work—Duty of Master.**

While it is the duty of the master to exercise reasonable care to provide the servant with a reasonably safe place in which to work, taking into consideration the nature and character of the work to be performed and the dangers ordinarily arising from such work, the master is not liable as an insurer, and is only required to exercise such care as an ordinarily prudent man would exercise under like circumstances.

**4. Same — Presumptions and Burden of Proof—Fact of Injury.**

In an action by an employe against his employer, the fact of accident resulting in injury carries with it no presumption of negligenec on the part of the employer, but such negligence is an affirmative fact for the injured employe to establish by the evidence.

**5. Same—Question for Jury—Negligence of Master.**

Evidence that plaintiff while in the discharge of his duty as a brakeman stepped on a clinker and fell, sustaining injuries, without proof that this clinker rendered the place unsafe, and without proof that such obstruction was placed upon the right of way by the servants of the railroad company or had remained there sufficient length of time to charge the railroad company with notice, Held not sufficient proof of primary negligence to submit the case to the jury.

(Syllabus by Owen, C.J.)

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by John Graney against the Midland Valley Railroad Company. From judgment for plaintiff, defendant brings error. Reversed and remanded.

O. E. Swan and Sam K. Sullivan, for plaintiff in error.

W. N. Maben and J. F. King, for defendant in error.

OWEN, C. J. J. Graney was employed as a brakeman on a freight train and in the discharge of his duty alighted from the caboose to close a gate maintained and operated by the railroad company; in moving

briskly along the right of way for that purpose, he stepped on a clinker and fell so the wheels of the train ran over his hand and wrist, necessitating the amputation of his arm between the elbow and wrist. For his cause of action he alleged the railroad company negligently and carelessly allowed a large pile of coal, clinkers and cinders to be piled upon the right of way near the point where the gate is located and operated. The only proof offered to sustain this allegation was the evidence of the plaintiff to the effect that he stepped on a clinker and fell; and that passenger engines were sometimes cleaned of clinkers while standing on the tracks near the place where he was injured. No testimony was offered even tending to show that clinkers taken from such engines were deposited on the right of way, or that coal or cinders had ever been piled on the right of way, or that any clinkers were there at the time of the accident except the one on which the plaintiff stepped.

The railroad company demurred to the evidence, and the action of the court in overruling same is assigned as error.

The rule is well settled that a demurrer admits the truth of all the evidence introduced and of all the facts which it tends to establish, as well as every fair and reasonable inference. Helm v. Mickleson, 66 Oklahoma, 170 Pac. 704. And the demurrer should be overruled unless the evidence and all the inferences which a jury could reasonably draw from it are insufficient to support a verdict for plaintiff. Pet. Iron Wks. v. Bullington, 61 Oklahoma, 161 Pac. 538. But where the evidence fails entirely to show negligence, the court should instruct a verdict in favor of defendant.

The provision of the Constitution (sec. 6, art. 23), under which the defense of contributory negligence shall be submitted to the jury, does not apply to the primary negligence because of which a recovery is sought, and where there is no evidence reasonably tending to show that a defendant is guilty of negligence, it is error for the trial court to submit the issue to the jury. C., R. I. & P. R. Co. v. Barton, 59 Okla. 109, 159 Pac. 250; N. Y. Plate Glass Ins. Co. v. Katz, 51 Okla. 713, 152 Pac. 353; Phoenix Ptr. Co. v. Durham, 32 Okla. 575, 122 Pac. 708.

It is the duty of the master to exercise reasonable care to provide the servant with a reasonably safe place in which to work, taking into consideration the nature and character of the work to be performed and the dangers ordinarily arising from such work. Midland V. R. R. Co. v. Cox, 69 Oklahoma, 170 Pac. 485; Ponca City Ice Co. v. Robertson, 67 Oklahoma, 169 Pac. 1111. The master, however is not liable as an insurer, and is only required to exercise such care as an ordinarily prudent man would exercise under like circumstances. C., R. I. & P. R. Co. v. Nagle, 55 Okla. 235, 154 Pac. 667; Solts v. S. W. Cotton Oil Co., 28 Okla. 706, 115 Pac. 776.

The fact of accident or an injury to an employe, in the course of his employment, carries with it no presumption of negligence on the part of the employer, but such negligence is an affirmative fact for the injured employe to establish by evidence. Ponca City Ice Co. v. Robertson, supra; Phoenix Ptr. Co. v. Durham, supra; C., R. I. & P. R. Co. v. Hessenflow, 69 Oklahoma, 170 Pac. 1161; C., R. I. & P. R. Co. v. Nagle, supra. The evidence that plaintiff stepped on a clinker and fell, without proof that such clinker rendered the place unsafe, and without proof that such obstruction was placed upon the right of way by the servants of the railroad company or had remained there sufficient length of time to charge the railroad company with notice, was not sufficient proof of primary negligence. Therefore it was error for the court to overrule the demurrer to the evidence. Winslow v. Katy R. Co. (Mo.) 192 S. W. 121; Robinson v. Sylvester Tower Co. (Mass.) 90 N. E. 413; M., K. & T. R. Co. of Tex. v. Jones (Tex.) 125 S. W. 309.

The judgment of the trial court is reversed and the cause remanded for a new trial.

All the Justices concur.