## OKLAHOMA UNION RAILWAY CO. v. FEEBECK, Adm'r.

No. 11738—Opinion Filed Dec. 19, 1922.

Rehearing Denied Feb. 13, 1923.

(Syllabus.)

**Street Railroads — Killing Stock on Track— —Negligence—Insufficiency of Evidence.**

Where the evidence shows that plaintiff's cow was first discovered by motorman as she was coming on the track 15 feet in front of the moving car, and there was no evidence that the car could have been stopped before striking the cow, and judgment is rendered for plaintiff, such judgment is not sustained by the evidence.

Error from District Court, Creek County; Lucien B. Wright, Judge.

Action by Silas Feebeck, administrator of the estate of Art Feebeck, against the Oklahoma Union Railway Company, for damages for killing of cow. Judgment for plaintiff, and defendant brings error. Reversed.

Biddison & Campbell, for plaintiff in error.

Thompson & Smith, for defendant in error.

COCHRAN, J. This case was commenced before a justice of the peace in Creek county, Okla., asking for damages against the plaintiff in error for the killing of a cow by one of the plaintiff in error's cars. The case was tried before the justice of the peace, and appealed to the district court, where judgment was rendered for the plain-

tiff, and the defendant has brought this appeal. Numerous assignments of error are made, but they may all be considered under the general head of insufficiency of the evidence to sustain the judgment.

The evidence shows that a cow was running at large in the corporate limits of the city of Sapulpa, and went upon the track of defendant's railway and was struck by a car operated by defendant. The accident occurred about 7:10 p. m. and about dark. The track makes about a 2 per cent. curve at the place of the accident. The motorman testified that the cow came on to the track from the left and he first saw her when he was in 15 feet of her as she was coming on the track. The headlight of the car was burning, but the light was thrown more to the right than to the left of the track, owing to the curve. He immediately applied the air upon seeing the cow coming upon the track, but was too close to her to stop the car, and, after striking the cow, he let the car drift for some distance before stopping it.

There is no evidence of negligence shown in the record, unless the testimony of the motorman is considered sufficient to entitle the case to go to jury. As soon as he saw the cow, he immediately applied the air, but was not able to stop the car before it struck her. That the cow came upon the track when the car was only 15 feet away is not in dispute. There is no evidence in the record showing that the car could have been stopped after the motorman discovered the cow and before she was struck.

It is our opinion that the facts of this case bring it within the decision of this court in the case of St. Louis & S. F. R. Co. v. Higgs, 42 Okla. 171, 141 Pac. 10, and that there was no evidence of negligence on the part of the defendant. The judgment of the trial court is reversed, and cause remanded for new trial.

HARRISON, C. J., and KANE, KENNAMER, and NICHOLSON, JJ., concur.