### GYPSY OIL CO. v. GINN et al.

No. 13350—Opinion Filed Jan. 11, 1923.

(Syllabus.)

1. **Negligence — Failure of Proof — Instructions.**

Where several grounds of negligence are charged and there is an entire lack of proof on any, it is the duty of the trial court to withdraw such allegations from the consideration of the jury, or by proper instruction to limit the jury to those allegations of negligence which are supported by the evidence.

2. **Trial—Instructions—Covering Issues.**

It is the duty of the court, upon request, to give proper instructions substantially covering the issues and evidence produced at the trial of the case, and it is fundamental error to fail to do so.

3. **Same — Abstract Instructions.**

The giving of instructions which consist of correct abstract propositions of law, but

have no special reference to the particular issues involved in the case on trial, is not compliance with section 5002, Rev. Laws, which requires the court to give general instructions to the jury.

**4. Appeal and Error—Prejudicial Error—Insufficient Instructions.**

Where the jury receives no specific. instructions on the law applicable to the particular issues involved, such error cannot be held to be harmless under the provisions of section 6005, Rev. Laws 1910.

**5. Master and Servant — Relation of Employe — Being Elsewhere than Place of Work.**

An employe, who unnecessarily leaves his employment and assumes a position of peril for his own pleasure or convenience, ceases to be an employe for the time being, and becomes either a trespasser or at best a mere licensee. This is true where an employe leaves his place of work and goes to another part of employer's premises which is not intended for his use.

**6. Same — Duty of Master to Guard Machinery.**

The duty of an employer to guard machinery extends to a person employed while in the performance of his duty, but does not extend to a person acting outside the scope of his employment.

**7. Negligence—Duty to Trespasser.**

The only duty which the owner of premises owes a trespasser is not to willfully or wantonly injure him, or, if discovered in a perilous position, it owes him the duty to exercise ordinary care to avoid injuring him.

**8. Same—Question for Court or Jury—Insufficiency of Evidence.**

If the evidence is such that reasonable men might reach different conclusions as to the negligence of defendant, the question of negligence is one for the jury; but where the evidence shows that defendant has breached no duty it owes to the plaintiff, and is such that all reasonable men must reach the same conclusion as to the negligence or want of negligence on the part of defendant, it becomes a question of law for the court, and in this case the evidence has been examined, and it is held insufficient to submit to the jury.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by Mrs. Tessie Ginn, for herself and as mother and next friend of Alfred and Hugh Ginn, against the Gypsy Oil Company for damages for death of Clarence Edgar Ginn. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

James B. Diggs, Rush Greenslade, and William C. Liedtke, for plaintiff in error.

I. R. Mason and Geo. A. Ahern, for defendant in error.

COCHRAN, J. The defendant in error instituted this action against the plaintiff in error in the district court of Carter county, to recover damages on account of the death of Clarence Edgar Ginn, husband of Mrs. Tessie Ginn and father of the other plaintiffs. The case was tried to a jury, and the jury returned a verdict against the plaintiff in error in the sum of $25,000, and the plaintiff in error has prosecuted this appeal. For convenience, the plaintiff in error will hereinafter be designated as defendant, and defendant in error designated as plaintiff.

The plaintiffs allege that Clarence Edgar Ginn was killed on the 17th day of November, 1919, by being caught in the machinery of a Star drilling machine which was owned and operated by the defendant. The plaintiffs base their right to recover on four grounds of negligence: (1) That the defendant failed to properly protect dangerous machinery and parts thereof; (2) that the defendant failed to post signs around its machines to forbid or prevent any person from being placed in or entering a place of danger on said premises; (3) that the deceased was in a dangerous place near the machinery and the defendant's employes knew of his presence and the dangerous position occupied by him, and, knowing such dangerous position and without warning to the plaintiff, defendant's employes started the machinery of the Star rig and the said Ginn was caught by the machinery and crushed to death; (4) that the Star rig was negligently constructed. It is alleged that defendant was guilty of willful and wanton negligence in all of said matters.

There is no dispute as to the facts, and, briefly stated, they are as follows: Clarence Edgar Ginn was employed by the defendant as a pumper on some part of its holdings, but at the time of the injury the deceased was not engaged in any work for the defendant, and neither was he doing anything in the course of his employment, but was at a different part of the premises of the defendant, where a Star drilling machine was being used by the defendant for pulling casing. There were only three men engaged in work for the defendant at this place, to wit, Austin, Conrad, and Bosha. The deceased was on the premises from 20 minutes to an hour before he met his death, and had been engaged in conversation with Conrad, with whom he was acquainted. The three men were swinging casing blocks and spooling slack when the

deceased first came up, and the machine was then running or did run some during the time he was there and prior to the accident. The drilling machine is on wheels and is portable. The crank which struck the deceased and caused his death is attached to the shaft that runs on top of the sills and is about two and one-half feet long and projects from the frame of the machine about six inches and has a wrist pin to which a pitman can be fastened. The pitman was not fastened at the time of the accident. Soon after the deceased came up, Austin and Conrad got under the machine on their hands and knees in order, to straighten the line out and spool it. Austin was pulling the slack and Conrad was straightening it out, and neither was facing the deceased. Bosha was on top of the machine until the line was ready to spool, when he went over the machine to the engine for the purpose of starting it. At the time he went to the engine, he saw the deceased on the walk at a safe distance from the crank. Neither Conrad nor Austin could see the deceased from the place where they were working, and he was in a place of safety when last seen by them. When Bosha went to the engine to start it, he was unable to see Ginn because of certain obstructions, consisting of the Sampson post, a large flange, a brace or two, and also the cable on the bull wheel. Just before starting the engine, Bosha called a warning to the men under the machine, and when they answered, "Ready," the engine was started and the revolving crank struck the deceased and killed him.

The defendant complains of the failure of the trial court to properly instruct the jury, and specially calls attention to the material part of instruction No. 1, which, after stating what the court considered to be the issues, is as follows:

"Under the issues thus raised by the plaintiffs and defendant, the sole question for determination is whether or not the death of Clarence Edgar Ginn resulted proximately from the willful and wanton negligence of the defendant, its servants, and employes, or whether the deceased by his own negligence contributed to the injury resulting in death"

—and instruction No. 2, which is as follows:

"The burden is upon the plaintiff in this case to establish each and every material allegation necessary to a recovery herein to your satisfaction, and by a preponderance of the testimony, and in this connection you are told that if you believe from the evidence admitted for your consideration, and by a fair preponderance thereof, that on

the 17th day of November, 1919, Clarence Edgar Ginn was killed upon the drilling location of the defendant near the town of Graham, in Carter county, Okla., and that such killing resulted from the willful and wanton negligence of the defendant, the Gypsy Oil Company, its servants and employes, and if you further believe from the evidence, and by a fair preponderance thereof, that at the time of such death the said Clarence Edgar Ginn had an earning capacity of $135 per month, and that he was in good health and sober and industrious, and that he was and had theretofore been supporting and maintaining the plaintiffs, and that the plaintiffs had a life expectancy in the said Clarence Edgar Ginn of proximately thirty-three years, then and in that event it will be your duty to return a verdict in favor of the plaintiffs for such amount as you may find from the evidence they are entitled to receive, not to exceed, however, the sum of $50,000."

The court in instruction No. 5½ eliminated from the consideration of the jury the second ground of negligence set out in the petition. No other instruction given by the court further defines the issues or in any way instructs the jury that it was necessary to find from the evidence that the defendant was guilty of some one of the other three grounds of negligence complained of by the plaintiffs. These instructions left it to the individual judgment of such juror to determine what he considered acts of negligence on the part of the defendant sufficient to entitle plaintiffs to recover in this case. Had the evidence justified the submission of the case on the several acts of negligence alleged, it was the duty of the trial court, by proper instructions, to tell the jury what the defendant's duties were in each particular. In the event the proof did not warrant the submission on either of the grounds of negligence to the jury, it was the duty of the trial court, by proper instruction, to take from the consideration of the jury such issues. While section 5002, Rev. Laws 1910, provides:

"The court should give general instructions to the jury, which shall be in writing"

—such general instructions should state clearly and concisely the issues of fact and principles of law as applied to the particular issues in the case under consideration. The Supreme Court of Ohio in the case of Baltimore & O. R. Co. v. Lockwood, 74 N. E. 1071, in describing a similar instruction, uses the following language:

"The court thus left it to the jury to find out for itself what were the specific issues of fact as made up in the pleadings, and which it was the duty of the jury to decide

from the evidence, under the instructions of the court. The court intimates to the jury that 'the issue' is negligence 'on the part of the railroad company' and contributory negligence 'on the part of the plaintiff.' There are at least three distinct issues as to negligence by the railroad company charged in petition: (1) That at the time of the plaintiff's injury the defendant carelessly and negligently failed to erect gates or other barriers or keep a watchman at the crossing; (2) that the rear brakeman of the train signaled the engineer to go ahead, 'whereby the plaintiff was by the defendant carelessly and negligently deceived into believing that she might cross said crossing in safety'; (3) that the defendant knew that she was waiting to cross and would cross over said track as soon as the train pulled up, and while her attention was attracted to another approaching train the defendant suddenly and negligently backed the train which had pulled up, at a rapid rate of speed and without warning. The mere statement of these issues shows that they were vital to the case, and could not fairly or lawfully be ignored under a statement that the issue was whether the railroad company was, in a general sense, negligent."

Other cases in point are Eichman v. Buchheit (Wis.) 107 N. W. 325; Holler v. Western Union Tel. Co. (N. C.) 63 S. E. 92; Virtue v. Creamery Package Mfg. Co. (Minn.) 142 N. W. 930.

In First Nat. Bank of Mounds v. Cox, 83 Okla. 1, 200 Pac. 238, this court held that it is the duty of the court to give to the jury such issues as are necessary to settle the material controversies between the parties and to state the law applicable to facts and issues joined.

In Thrasher et al. v. St. L. & S. F. R. Co., 86 Okla. 88, 206 Pac. 212, the syllabus reads:

"Instructions which principally consist of correct abstract propositions of law, but have no special reference to the circumstances of the case on trial, are objectionable, and where from the consideration of all of the evidence it is probable the jury may have been misled by such instructions, a new trial ought to be granted."

Plaintiffs call attention to section 6005, Rev. Laws 1910, on harmless error, and this court will not reverse a case on the ground of misdirection of the jury, unless it appears that the error has resulted in a miscarriage of justice; but in a case like the one at bar, where the jury received no specific instructions on the law applicable to the particular issues involved, it is very probable, and almost certain, that the rights of the defendant were prejudiced by the error complained of.

The case must be reversed on account of the above error, but we deem it our duty to consider some of the other errors alleged in the case. The first and fourth grounds of negligence should have been taken from the consideration of the jury, and instruction No. 4, requested by the defendant, should have been given. The deceased at the time of his death was a trespasser. It is true that he was employed by the defendant as a pumper and, when working, worked for the defendant on some part of its holdings; but at the time of the injury he was performing no duty within the scope of his employment, and was not at or near his place of employment. He was on the premises of the defendant, but at a time and place when and where he had no duty to perform on defendant's behalf, and the law applicable to such person is stated in 18 R. C. L. 582, 583:

"But, of course, the principle is well established that if an employe unnecessarily leave his employment and assume a position of peril merely for his own pleasure or convenience, he ceases to be an employe for the time being and becomes either a trespasser or at best a mere licensee. This is true where an employe leaves his place of work and goes to another part of the employer's premises which is not intended for his use."

To the same effect are Clemens v. Morrow Co. (Wis.) 177 N. W. 903; Pioneer Mining & Mfg. Co. v. Tally (Ala.) 43 South. 800, 12 L. R. A. (N. S.) 861.

Requested instruction No. 4 was as follows:

"You are instructed that the defendant, Gypsy Oil Company, owed no duty to the deceased, Clarence Edgar Ginn, to guard its drilling machine or any part thereof so as to protect him from any probable injury."

In Sallisaw Cotton Oil Co. v. Holland, 56 Okla. 428, 156 Pac. 174, this court said:

"In order to sustain recovery for injury under the law requiring employer to guard dangerous machinery, it must be shown that the person injured was an employe and the machinery could be properly guarded without rendering it useless."

And in Curtis & Gartside Co. v. Pribyl, 38 Okla. 511, 134 Pac. 71, the court held that the act was—

"To protect persons employed and laboring in manufacturing establishments while in the performance of any duty, whether ordinary or general, exceptional or occasional; but its protection extends only to persons acting within the scope of some employment."

In Faurot v. Oklahoma Wholesale Grocery Co., 21 Okla. 104, 95 Pac. 463, this court held that defendant owed no duty to a tres-

passer on its premises to guard an elevator shaft.

It was error for the court to refuse to give instruction No. 4. It has been held in a number of cases that the only duty which the owner of premises owes to a trespasser is not to willfully or wantonly injure him, except in case where the peril of the trespasser is discovered, when it is the duty of the owner of the premises to exercise ordinary care to avoid injuring such person. Faurot v. Oklahoma Wholesale Grocery Co., 21 Okla. 104, 95 Pac. 463; A., T. & S. F. R. Co. v. Miles, 69 Oklahoma, 170 Pac. 896; C., R. I. & P. Ry. Co. v. Owens, 78 Okla. 114, 189 Pac. 171; Texas, O. & E. Ry. Co. v. McCarroll, 80 Okla. 282, 195 Pac. 139.

The owner of premises is not required to keep a lookout for a trespasser or to prevent him from getting in a place of danger. As said in Gulf, C. & S. F. Ry. Co. v. Dees et al., 44 Okla. 118, 143 Pac. 852:

"There is no obligation resting on a train crew to assume or anticipate that someone will take the risk of crossing between cars of the train, and unless it can be shown that the crew knew that someone was doing so, and moved the train in spite of that fact, the railroad company will not be liable for one so injured."

Defendant insists that there was no primary negligence shown by the evidence in the case. The plaintiffs admit that the testimony of the three men who were present at the time the accident occurred fails to show any lack of care or breach of duty on the part of the defendant after the perilous condition of the deceased was discovered; but contend that these men, all being employed by the defendant, were not favorable witnesses, and that the plaintiffs are entitled to the benefit of all the facts and circumstances surrounding the accident for the purpose of determining whether the employes of the defendant were aware of the deceased's perilous condition and failed to use due care after the discovery of his peril, and cite the cases of M., K. & T. R. Co. v. Minor, 75 Okla. 10, 181 Pac. 142; Davis v. Ball, 76 Okla. 252, 185 Pac. 105; Weleetka Cotton Oil Co. v. Brookshire, 65 Okla. 293, 166 Pac. 408. In the last case, the court said:

"It is a settled rule of this state that negligence may be established by circumstantial evidence and the reasonable inferences to be drawn therefrom, and that the proximate cause of injury may be determined from circumstantial evidence."

And this court has also repeatedly held that in a case of this character, if the evidence is such that reasonable men might reach different conclusions as to the negligence of the defendant, the question of negligence is one for the jury; but it has also been repeatedly held that where the evidence shows defendant has breached no duty it owes to the plaintiff, and where the evidence is such that all reasonable men must reach the same conclusions as to the negligence or want of negligence on the defendant's part, it becomes a question of law for the court. C., R. I. & P. Ry. Co. v. Barton, 59 Okla. 109, 159 Pac. 250; N. Y. Plate Glass Ins. Co. v. Katz, 51 Okla. 713, 152 Pac. 353; Midland Valley R. R. Co. v. Graney, 77 Okla. 54, 185 Pac. 1088: Okla. Union R. R. Co. v. Feebeck, No. 11738, 89 Okla. 212, 212 Pac. 414.

The plaintiffs introduced two of the persons who were present at the time of the accident, and defendant introduced the other. They each testified that the deceased was in a place of safety the last time they saw him prior to the accident, and that they did not see him and could not see him at the time of the injury, and did not know that he was in a perilous position. The undisputed testimony of all of the witnesses shows that two of the men were under the machine and facing a different direction from that occupied by the deceased and could not see him, and that the engineer was prevented from seeing the deceased by various obstructions. No circumstantial evidence was introduced to in any manner contradict this testimony, but, on the contrary, all of the circumstantial evidence introduced tended to corroborate the testimony of these witnesses. The facts were not sufficient to make out a case of primary negligence.

The judgment of the trial court is reversed, and cause remanded for new trial.

JOHNSON, McNEILL, MILLER, KENNAMER, and NICHOLSON, JJ. concur.