## GYPSY OIL CO. v. GINN et al.

No. 15803—Opinion Filed Nov. 24, 1925.

**1. Negligence — Injuries to Trespassers — Duty of Care by Owner of Premises.**

There is no obligation or duty resting upon the owner of premises to keep a lookout for trespassers thereon, nor to assume or anticipate that such trespasser, for his own pleasure or convenience, will assume a position of peril on such premises, and unless it can be shown that such owner knew that the trespasser was in a position of peril thereon, and injured him in spite of that fact, the owner will not be liable for such injury.

**2. Same—Dangerous Machinery.**

Where the employes of the owner of premises in charge of the operation of a drilling machine observe a trespasser standing to one side of the machine, in a place of safety, they are not negligent in assuming that such trespasser will remain in that place of safety, and not heedlessly assume a perilous position near said machine, and if he does so and it is impossible to stop the machine in time to avoid killing him, the owner of the premises cannot be held liable for his death.

**3. Appeal and Error—Prejudicial Error—Failure to Instruct on Issues.**

Where the jury receives no specific instructions on the law applicable to the particular issues involved, such error cannot be held to be harmless under the provisions of section 6005, Rev. Laws 1910.

**4. Same—Instructions on Theory of Defense.**

In a case tried to a jury, where the evidence tends to support the same, it is the duty of the court to submit by appropriate instructions the theory of the defense; and failure so to do at the request of the defendant constitutes prejudicial error.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Mrs. Tessie Ginn and Mrs. Tessie Ginn, as mother and next friend of Alfred Ginn and Hugh Ginn, minors, against Gypsy Oil Company, to recover damages for the alleged wrongful death of Clarence Edgar Ginn, deceased. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

James B. Diggs, Wm. C. Liedtke, and Redmond S. Cole, for plaintiff in error.

I. R. Mason and Geo. A. Ahern, for defendants in error.

Opinion by FOSTER, C. The plaintiff in error, Gypsy Oil Company, was defendant and the defendants in error were plaintiffs in the trial court, and they will be hereinafter so designated.

The plaintiffs instituted this action against the defendant in the district court of Carter county, to recover damages on account of the death of Clarence Edgar Ginn, husband of the plaintiff Mrs. Tessie Ginn and father of the plaintiffs. Alfred Ginn and Hugh Ginn. From judgment in favor of the plaintiffs, the defendant appealed the case to the Supreme Court, and this court reversed and remanded the cause with directions to grant a new trial. 88 Okla. 99, 212 Pac. 314.

Upon the reversal of the case, the plaintiffs filed a second amended petition, which, in its final form, eliminated certain allegations of negligence appearing in their original amended petition, which this court held should have been withdrawn from the consideration of the jury in the first trial. To the second amended petition of plaintiffs, the defendant filed its answer and the case being regularly called for trial, was tried to the court and a jury, resulting in a verdict for the plaintiffs in the sum of $9,000. The court pronounced judgment upon the verdict of the jury, and the defendant filed its motion for a new trial, which was overruled and exceptions saved. From this judgment and from an order overruling its motion for a new trial. the defendant brings the cause regularly on appeal to this court for review by petition in error and case-made attached.

Many specifications of error are relied on by the defendant for reversal of the judgment, but in our view of the case, it is only necessary to consider those which relate to alleged error of the trial court in giving certain instructions and in refusing to give other requested instructions. Under the allegations of the second amended petition of plaintiffs, practically the only issue presented in the second trial of the case was whether or not the defendant, in the operation of the machine that caused the death of Clarence Edgar Ginn, was guilty of wanton and intentional negligence. Many of the legal propositions applicable to this issue were settled by this court in the opinion rendered in the first appeal. It was there determined, and it is not now disputed by plaintiffs, that Clarence Edgar Ginn, at the time he met his death, was a trespasser on the premises of the defendant, and this court in its opinion fully set out the duties which the owner of premises owes to a trespasser thereon. See Gypsy Oil Company v. Ginn, supra. So far as the direct evidence of the eyewitnesses is concerned, there is no substantial difference in the facts as they appeared on the first appeal and as disclosed by the record in the instant case. For a more detailed statement of these facts, reference is made to the opinion of the court written by Justice Cochran in the first appeal.

Plaintiffs, however, rely upon certain indirect and circumstantial evidence which they did not offer in the first trial, but which was received in evidence in the second trial, for the purpose, as we understand it, of controverting the direct testimony of the employes of the defendant with respect to the circumstances under which Clarence Edgar Ginn met his death. This circumstantial evidence was to the general effect that the engineer, Bosha, standing in the position he must occupy to start the engine which propelled the Star drilling machine, must necessarily have been looking in the direction of the crank, which killed the deceased and in the direction of his fellow employes who were underneath the machine near the crank and near the deceased, and that so situated, he could not help but see the perilous position of the deceased near said crank. The testimony of two witnesses, who testified that they were familiar with the operation of a Star drilling machine, was offered to show that the engineer standing at the engine must have been looking in the general direction of the crank, and that no serious obstructions intervened to prevent such engineer from seeing the crank. We purposely express no opinion as to whether this character of evidence, in the face of direct and positive testimony on the part of the employes of the defendant and the only eyewitnesses to the accident, to the effect that they did not see the deceased, would justify a verdict in favor of plaintiffs if no prejudicial errors of law had been committed by the court in its instructions to the jury, or in its ruling upon law questions presented at the trial.

The plaintiffs admit that deceased was a trespasser and rely for a recovery entirely upon showing of wanton and intentional injury. In its general instructions, the trial court told the jury in instruction No. 7 as follows:

. "You are therefore instructed that if you find from the evidence and all of the facts and circumstances admitted for your con-

sideration in this case, and by a fair preponderance thereof, that on the 17th day of November, 1919, Clarence Edgar Ginn was killed upon the drilling location of the defendant near the town of Graham, in Carter county, Okla. and that said killing resulted from the willful acts of the defendant and its employes and more particularly its employe Bosha, and if you find that the said Bosha willfully and wantonly set in motion the drilling machinery, and at the time that he set in motion said drilling machinery, he saw, or could with the exercise of the slightest care, have seen the perilous condition of the said Clarence Edgar Ginn, and without any regard for the life of the said Ginn did willfully start said machinery, and that the said Clarence Edgar Ginn was thereby killed by the willful, wanton and negligent acts of the said Bosha, then and in that event you will find for the plaintiff. * * *''

It will be noted that this instruction imposed upon the defendant a duty to exercise some care to see the deceased. It will also be observed that this instruction fails to tell the jury that if they should believe by a fair preponderance of the evidence that the defendant, after it discovered the perilous position of the deceased failed to use ordinary care to prevent injuring the deceased, it would be liable, but the court undertakes to tell the jury that the defendant was under some duty, not to avoid injuring deceased after he was discovered, but to discover the deceased, a mere trespasser on defendant's premises. It must also be noted that the court was not telling the jury that in determining whether the defendant's employes actually saw the deceased before starting the machinery they might take into consideration circumstantial evidence, but that they were under some duty to discover the perilous position of the deceased.

The theory of plaintiffs, as we understand it, upon which they based their right to recover, was the act of the defendant in wantonly and willfully injuring a trespasser; that is to say that it, through its employes, deliberately set its machinery in motion and killed the deceased after it had observed his perilous position. This instruction, we think, ignores entirely the law which the owner of premises owes to a trespasser as laid down by the court on the first appeal in this case and in numerous other authorities. In C., R. I. & P. Ry. Co. v. Owens, 78 Okla. 114, 189 Pac. 171, our court stated the rule in the 4th paragraph of the syllabus as follows:

"The law does not impose upon those in charge of railway trains, the duty to keep a lookout for trespassers who may be upon the track, in the country, away from public crossings, and hence, in order to hold the company liable for the injury, plaintiff must show not that those in charge of the train were in a position to see, but, either that they did see, or were in a position where they could not help but see, the perilous position of the trespasser.''

And again in Gulf, C. & S. F. Ry. Co. v. Dees, 44 Okla. 118, 143 Pac. 852:

"There is no obligation resting on a train crew to assume or anticipate that someone will take the risk of crossing between the cars of the train, and unless it can be shown that the crew knew that someone was doing so, and moved the train in spite of that fact, the railway company will not be liable for one so injured.''

The following instruction was requested by the defendant and refused by the court:

"If you believe from the evidence in this case that Homer Bosha, the man who started the engine and set the drilling machine in motion, did not know that the deceased, Clarence Edgar Ginn, was in a position of peril at or about the time he started said engine, your verdict must be for the defendant even though the said Homer Bosha, could by the exercise of ordinary care, discover the perilous position of the said deceased Clarence Edgar Ginn.''

Requested instruction No. 10, which was refused by the trial court, is as follows:

"You are instructed that the testimony given by each of the defendant's employes that he did not endeavor to determine the position of Ginn just prior to the time and at the time the engine was started by Homer Bosha is no evidence of negligence on the part of the defendant or of its employes. Mr. Ginn was at the time of his injury and death unlawfully upon defendant's premises and the defendant and its employes owed him no duty to determine his particular location or position at or about defendant's drilling machine before starting said drilling machine.''

There being manifestly an incorrect statement of the law in the court's general instructions with reference to the measure of duty required of the defendant as to a trespasser on its premises, and the defendant having requested instructions embodying the correct statement of the law applicable to such situation, which instructions were refused by the trial court, it follows logically, we think, that for these omissions the case must be reversed. Furthermore, there is evidence in the record of a very positive character that the deceased when last seen by the employes of the defendant, in charge of the drilling machine, was a safe distance away from the machine, and that none of the employes of the defendant saw the de-

ceased afterwards until he was killed. There is also positive evidence that a warning that the engine was going to be started was given just prior to the time it was started. The testimony of each of the witnesses, Austin, Conrad and Bosha, was that the engineer called to the men under the rig just before starting the engine, saying: "Are you ready?" The men under the rig answered, "Yes," and the engineer responded, "All right," whereupon the engine was started. Assuming that defendant's employes knew that the deceased was in a position of peril near the machine, this testimony tended to show that the defendant still exercised ordinary care to avoid injuring him. The defendant requested of the court special instructions submitting these issues to the jury, which were refused. This also was reversible error.

It was held by this court in the case of St. Louis, I. M. & S. R. Co. v. Gibson, 48 Okla. 553, 150 Pac. 465, as follows:

"The employes of a railroad company, seeing a person standing to one side of the track, in a place of safety, are not negligent in assuming that he will remain in that place of safety, and not heedlessly run upon the track in front of moving cars. And if he does so, and it is impossible to stop the train in time to avoid killing him, the company cannot be held liable for his death."

It is the duty of the trial court to submit to the jury by proper instructions any issue or defense which the evidence tends to support, and a failure to do so at the request of the defendant constitutes prejudicial error. Menten v. Richards, 54 Okla. 418, 153 Pac. 1177; New v. Bradshaw, 89 Okla. 205, 214 Pac. 557.

In the case of Mountcastle v. Miller, 66 Okla. 40, 166 Pac. 1057, it is said:

"In a case tried to a jury, where the evidence tends to support the same, it is the duty of the court to submit by appropriate instructions the theory of the defense, and failure so to do, at the request of defendant, constitutes prejudicial error."

It is very earnestly contended by the defendant that, in the event this court holds that the judgment of the trial court should for any reason be reversed, it should be reversed with directions to the trial court to dismiss plaintiffs' action and render judgment in favor of defendant.

On the first appeal, this court reversed the judgment of the trial court, and remanded the cause for a new trial, although it found that no circumstantial evidence was introduced in any manner contradicting the positive testimony of the defendant's employes to the effect that they did not see the deceased at the time of the injury, and did not know that he was in a perilous position. This court further held that under the facts presented on the first appeal, no case of primary negligence against the defendant was established. The primary issue of fact in this case is, Did the defendant's employes see the deceased at the time it started the machine in motion? Under the authorities, circumstantial evidence is undoubtedly admissible upon this issue. It is contended by the defendant that there was no circumstantial evidence introduced in this case contradicting the positive testimony of the defendant's employes in charge of the drilling machine, for the reason that such circumstantial evidence was based upon the assumption that the engineer and a fellow employe were looking in the direction of the deceased, whereas all of the evidence is to the effect that defendant's employes made no attempt to see the deceased just prior to the time the engine was started..

It must be borne in mind, however, that testimony of the two witnesses introduced and relied on by the plaintiffs was to the general effect, not only that there were no serious obstructions between the position of the engineer at the engine and that of the deceased at the crank, but also that it was necessary for the engineer in handling the machine to be able to see the crank at all times, and that it would be unsafe to start the engine until the engineer could see the crank.

It is not the function of the trial court, nor of this court on appeal, to weigh the evidence. This function is one exclusively for the jury. If this court was justfied on the first appeal in reversing the case for a new trial, then we cannot see, in view of the additional evidence introduced in the record on this appeal, how the court would now be justified in doing less.

The judgment of the trial court is therefore reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 29 Cyc. p. 442; anno. 17 L. R. A. (N. S.) 916; 20 R. C. L. p. 60; 4 R. C. L. Supp. p. 1330; 5 R. C. L. Supp. p. 1077. (2) 29 Cyc. p. 443. (3) 4 C. J. p. 1174, §3202. (4) 4 C. J. p. 1050, §3032; 38 Cyc. pp. 1703, 1704; 14 R. C. L. p. 793; 3 R. C. L. Supp. p. 287; 4 R. C. L. Supp. p. 920; 5 R. C. L. Supp. p. 778.